## LOUIE FRICKIE V. THE STATE.

### No. 1376.  Decided May 11, 1898.

**1.  Local Option—Posting Notices of Election—Issue as to the Prima Facie Case of State.**

On a trial for violating local option, when the State has made a prima facie case by showing the order, counting of votes, and declaring the result in favor of prohibition, this shifts the burden of proof on the defendant to show by evidence that the notices of the election were not posted; and the mere introduction of proofs on this line will not put in issue the prima facie case made by the State to raise such issue, but such proof must tend to show that such notices were not posted before the court would be required to submit such issue to the jury, and, in the absence of such proof by defendant, the court may assume that said notices were posted.  Following Shields v. State, 38 Texas Criminal Reports, 252.

**2.  Same—Submitting to Jury Issue as to Posting Notices.**

On a trial for violating local option, the clerk testified that he made out five typewritten notices for the election, which he handed to the sheriff or his deputy, both of whom denied receiving and posting said notices, or that he had ever any recollection of ever having seen said notices posted.  A member of the prohibition campaign committee testified that he understood all the notices were posted; that he posted one in person at the postoffice in M., though he did not know how he received it; that he gave one of the notices to his son to post at W., but did not know whether he posted it or not, and he thought these copies of the notices were written in ink and were not typewritten,.  A county commissioner thought he recollected that he saw one of the notices posted at W.  Held, this proof was sufficient to raise an issue as to the prima facie case made by the State, and the question as to whether the notices for the election had been duly posted was a question which should have been submitted to the jury, and it was error for the court to assume in the charge that local option was legally in force in the county.

**3.  Order for Election—Sacramental and Medicinal Liquors.**

It is not necessary that an order for a local option election should contain exceptions in favor of the sale of liquors for sacramental and medicinal purposes.

**4.  Indictment—Allegation as to Kind and Quantity of Liquor Sold.**

It is not necessary that an indictment for a violation of local option should allege the kind and quantity of liquor sold.

APPEAL from the County Court of Bosque.  Tried below before Hon. W. B. THOMPSON, County Judge.

Appeal from a conviction for violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The case is sufficiently stated in the opinion.

*Word, Dillard & Word,* for appellant, after an able exposition and discussion of the question of the posting of the notices for election, in concluding their brief say: "We most respectfully submit that the court committed error in holding that local option was in force and effect in Bosque County at the' date of the alleged sale of intoxicating liquors by this appellant, because the evidence showed the contrary.  The evidence showed a failure to give the notice required by law, and the court should have held the election void for want of legal notice.

"Failing to hold the election void for want of notice, he most certainly should have held the question of notice one of fact for the jury."

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and prosecutes this appeal.

Appellant assigns a number of errors, but only one requires to be noticed. This involves the question whether or not the court erred in instructing the jury that local option was in force in Bosque County from and after the 24th of July, 1895. The question made by appellant was as to whether or not by the proof made on his part he put in issue the question of posting the five notices required by law of the order of the court authorizing said election. The proof on this point was substantially as follows: C. W. Tidwell, clerk of the County Court, was introduced on behalf of the State, and testified he made out five certified copies of the judgment of the commissioners court ordering the election for local option in 1895, and turned them over to some member of the sheriff's department, either to Sheriff Metcalf or to his deputy, Boyd. Said certified copies, which were to serve as notices for said election, were typewritten. He did not post them up, or cause them to be posted up, unless the sheriff or his deputy posted them. He further stated that he thought, but would not be positive, that he saw one of said notices posted at the courthouse; that he did not think, but would not be positive, that he turned them over to the Prohibition campaign committee to post. Metcalf, the sheriff, testified that he was sheriff during the year 1895, and that he never posted in person any local option election notices in that year; that W. A. Boyd was his principal deputy; that he had no recollection of ever seeing any of the notices for local option election held in 1895 posted; that he knew he did not post them himself, and did not think they were posted. W. A. Boyd testified that he had no recollection of the county clerk turning over to him any local option election notices for the year 1895, and had no recollection of posting or causing them to be posted by any one; that if he had posted them he would have remembered it, and he therefore knew he did not post any of said notices; that he saw one of said notices posted at Clifton, in Bosque County, and another of said notices posted on bulletin board at Meridian. These were the only notices he had any remembrance of having seen posted. A. J. Cooper testified that he resided at Morgan, in Bosque County; that he belonged to the local option campaign committee, and had something to do with posting the notices of said election; that his understanding was that all the notices required by law for said election were posted up; that he posted one of said notices at the postoffice at Morgan in person; that he did not know how he received said notice; that he gave one notice to his son to post up at Walnut, in said county, but he did not know whether his son posted said notice or not; that there were six local option elections held in the Morgan precinct in the last five or six years, but he thought the copies referred to by him were for the county at large. He also thought that said notices were written in ink, and were not typewritten, but they might have been type-

written.   J. L. Ownby testified that he lived three miles from Walnut, and was county commissioner for Bosque County for two terms, and was commissioner in 1895; that his recollection was that he saw one of said notices posted up at Walnut in 1895; that he could not say positively that it was a notice of election for the county; that he thought it was.   W. B. Thompson said that he was county judge; that he did not issue or cause to be sent out to the twenty-one voting precincts of the county general election notices of the local option election held in Bosque County in 1895, as provided in article 1728, Revised Civil Statutes.   This was substantially all the proof on the question.

In Shields v. State, 38 Texas Criminal Reports, 252, which was a case involving the local option election for the county of Bosque, in 1895, we laid down the rule in regard to posting notices of local option elections. We there held, following Chapman v. State, 37 Texas Criminal Reports, 167, and Bowman v. State, 38 Texas Criminal Reports, 14, that when the State has made a prima facie case by showing the order, counting of votes, and declaring the result of a local option election in favor of prohibition, the State had thus made a prima facie case that such preliminary steps as posting notices of the election had been complied with.   We further held that the burden of proof was then shifted on the defendant to show by evidence that the notices were not posted, and that the mere introduction of proof on this line would not put in issue the prima facie case made by the State; that such proof must tend to show that said notices were not posted, before the court would be required to submit this issue to the jury; otherwise the court might assume that said notices were posted.   Although that case involved the same local option election as is here involved, the proof was not so full, but fell short, in the opinion of the court, of meeting the prima facie case made by the State.   In that case it was shown by the sheriff that, if he received said notices, he delivered them to the constables of the county to post, and the constables were not introduced as witnesses.   Two notices were proven to have been posted; and we there held that inasmuch as the sheriff stated that, if he received the notices, he sent them out to the constables to post, appellant should have shown by the constables that they did not receive or post said notices.   In this case appellant did not leave the proof in that shape. The clerk in this case states that he made out five notices of the order authorizing the holding of said election, to be posted, and that according to his recollection he gave them to Sheriff Metcalf or to Boyd.   Both of these officers were introduced, and both denied receiving or posting the notices.   The clerk denied giving said notices to the Prohibition campaign committee for the purpose of posting.   A member of said committee testified to posting one of said notices, and he instructed his son to post another at Walnut.   His son was not introduced, but a witness testified to seeing said notice posted at Walnut, and Boyd testified that he saw one of said notices posted at Clifton, in Bosque County, and another on the bulletin board at the courthouse in Meridian.   But what notices were these?   They may have been the notices issued by the clerk, but he says

he gave the notices issued by him to either Metcalf or Boyd. Both of these officers deny receiving them, and deny sending them out or posting them. The clerk says he did not post up said notices himself, or cause them to be posted, unless the sheriff or his deputy posted them. He further testified that he did not think he had delivered any of said notices to the Prohibition campaign committee, but he might have done so. If the Prohibition campaign committee got notices, and posted them up of their own accord, these would not be valid notices, because the law requires the clerk to post them up, or cause them to be posted. If the campaign committee, or any member thereof, received said notices from the clerk, they should have been produced, and their authority to post them proven. We hold that the proof here was sufficient to put in issue the prima facie case made by the State, and that the jury, under proper instructions of the court, should have passed on the question, whether or not said notices of the local option election were posted the required time at five different places in Bosque County previous to the election; and that, under the circumstances in proof, it was not competent for the court to assume that said notices had been posted, and that the election was therefore a legal and valid election. This matter should have been submitted to the jury. In Shields' Case, supra, we extended the application of the principle as far as we are willing to go. This case in its facts, as stated above, goes beyond the facts in the Shields Case, in negativing the posting of the notices of the local option election, and we hold that the court should have submitted the issue to the jury.

We have heretofore held that it is not necessary for the order for the election to contain the exceptions in favor of the sale of wine for sacramental purposes or alcoholic liquor for medicinal purposes, and it is not necessary here to discuss that matter. Nor was it necessary for the indictment to state the quantity of intoxicating liquor sold nor the kind of liquor. The allegations in the indictment sufficiently identified the transaction. The judgment is reversed and the cause remanded.

*Reversed and remanded.*