## M. S. Wiginton v. The State.

### No. 3552.   Decided May 22, 1907.

**1.—Local Option—Charge of Court—Validity of Election.**

Upon a trial for a violation of the local option law, where there was a controversy as to the validity of the election, the court should have submitted that issue to the jury and was not authorized to instruct the jury that local option was in force at the time of the alleged offense.

**2.—Same—Intoxicating Liquor—Character of Beverage.**

Upon trial for a violation of the local option law, testimony with reference to the taste and color of the beverage as being similar to that of beer was admissible. The court should define what it takes to constitute intoxicating liquor.

Appeal from the District Court of Mason. Tried below before the Hon. Clarence Martin.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $40 and twenty days confinement in the county jail.

The opinion states the case.

*S. C. Rowe,* for appellant.—Frickie v. State, 39 Texas Crim. Rep., 254.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of violating the local option law; and prosecutes this appeal.

Appellant questions the information in this case. We have examined same and believe it is sufficient.

Appellant contends that the court erred in instructing the jury to the effect that local option was in force in Mason County at the time of the alleged offense. The court is only authorized to give a charge of this character when there is no controversy as to the validity of the election. In this case there was a controversy as to the question of the sufficiency of the notices posted, to the effect that an election had been ordered and would be held. Both the clerk and his deputy were put on the stand, and they do not appear to have been definite about the issuance of notices or to whom they were delivered. In our opinion the court should have submitted this issue to the jury; that is, whether

or not the five notices of the election had been properly posted. See Frickie v. State, 39 Texas Crim. Rep., 254.

The court was correct in admitting the testimony with reference to the taste and color of the beverage sold as being similar to that of beer. If it be conceded that the testimony was sufficient in this case to show that the beverage sold was intoxicating, it was certainly not strong, and the court in another trial should carefully define what it takes to constitute intoxicating liquor, and should instruct the jury accordingly.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.