## J. M. Ealey v. The State.

No. 5828.   Decided October 13, 1920.

**1.—Sunday Law—Precedent.**

Where, upon trial of a violation of the Sunday Law, practically every question involved had been settled by prior decisions of this court, there was no reversible error. Following Zucarro v. State, 82 Texas Crim. Rep., 1; and other cases.

**2.—Same—Subterfuge—Violation of Law.**

Where the defendant was in the employ of the owner of the picture show during the week, but on Sunday was acting for a certain picture show company who had made some character or agreement with the moving picture show proprietor and sent to each show on Sundays a man to operate its reels, all of which was an attempt to evade the law, defendant was liable.

**3.—Same—Argument of Counsel.**

Where, upon trial of a violation of the Sunday Law, the evidence supported the conviction and the trial court instructed the jury not to consider improper remarks of State's counsel, there was no reversible error.

**4.—Same—Accomplice—Rehearing—Refusal of Requested Charge.**

Where, upon trial of a violation of the Sunday Law, the owner of the picture show, who was an accomplice, testified more favorably for the defendant than the latter himself, and such accomplice's testimony was not favorable to the State, there was no reversible error in refusing the requested charge upon the corroboration of the accomplice's testimony. Following Mosley v. State, 36 Texas Crim. Rep., 580, and other cases. Besides, there was no question of defendant's guilt, following Bailey v. State, 150 S. W. Rep., 915.

**5.—Same—Complaint—Information.**

Where the complaint charged the defendant with keeping open on Sunday a place of public amusement, to wit, a theater, there was no error in overruling a motion to quash.

**6.—Same—Agent—Principal—Sunday Law.**

Under Article 302, Penal Code, the agent or employee of the owner of a motion picture is criminally liable when he opens or keeps open such place of business on Sunday.

**7.—Same—Filing Complaint on Sunday.**

Where defendant moved to quash the complaint because it was filed on Sunday, the same was correctly overruled. Following Lindsay v. State, 39 Texas Crim. Rep., 468.

**8.—Same—Complaint—Assistant County Attorney.**

Where the complaint was taken before the assistant county attorney without reference being made to the county attorney, a motion to quash on this ground was correctly overruled. Following Dane v. State, 36 Texas Crim. Rep., 86, and other cases.

Appeal from the County Court of Wichita. Tried below before the Honorable J. P. Jones.

Appeal from a conviction of a violation of the Sunday Law; penalty, a fine of fifty dollars.

The opinion states the case.

*C. C. McDonald, Mathis & Caldwell, Heyser, Hicks & Wilson,* and *Harvey Harris,* for appellant.—On question of motion to quash: Olive v. State, 144 S. W. Rep., 605; Ex Parte Roqemore, 131 id., 1101.

On question of refusal of special charge: Strong v. State, 105 S. W. Rep., 785; Oliver v. State, supra; Lott v. State, 127 S. W. Rep., 191; Denman v. State, 178 S. W. Rep., 333; Busch v. State, 155 S. W. Rep., 554; Dooms v. State, 178 S. W. Rep., 334.

On question of argument of counsel: Salri v. State, 189 S. W. Rep., 149.

On question of carving: Tompkins v. State, 90 S. W. Rep., 1019.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of argument of counsel: Collins v. State, 148 S. W. Rep., 1071; Himmelfarb v. State, 174 S. W. Rep., 589; Leech v. State, 63 Texas Crim. Rep., 339; Alexander v. State, 40 id., 404.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Wichita County, of keeping open a moving picture show on Sunday, and fined $50. Practically every question of interest in this case has been discussed and settled by prior holdings of this Court, with which the writer agrees as far as is necessary to any decision upon the facts of the instant case. See Zucarro v. State, 82 Texas Crim. Rep., 1, 197 S. W. Rep., 982; Ex parte Lingenfelter, 142 S. W. Rep., 555.

An ordinary moving picture show was kept open on Sunday, in entire violation of the forbiddance of the statute laws of this State. Appellant operated the reel by which the films were projected upon the canvas. One Pois owned the show, and was present, directing and managing it in general. Appellant was in the employ of Pois

during the week, but on Sunday was acting as a member of the International Alliance of Theatrical Stage Employees and Motion Picture Machine Operators of the U. S. and C. It seems that this concern made some character of agreement with the moving picture show proprietors, and sent to each show on Sundays a man to operate its reel. The evident intent of such an arrangement was to thereby attempt to evade the law. Appellant was the employee of Pois, the owner, and was liable. Several special charges were asked, but we see no error in the trial court's action in refusing the same.

The complaint of the language of the prosecuting attorney, is without merit. The argument was manifestly improper, but the trial court at once instructed the jury not to consider such remarks. If there was any doubt as to the evidence not sufficiently supporting the verdict, the question might be different. Nothing appears in the record save every evidence of a flagrant effort to trample on the law.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

October 13, 1920.

LATTIMORE, Judge.—Appellant has filed his motion for rehearing herein, urging that it was error for the trial court to refuse a special charge asked, telling the jury that one Pois was an accomplice, and that a conviction could not be had upon his testimony alone, etc.

On the trial of the case appellant voluntarily took the stand as a witness in his own behalf, and testified that the picture show in question was open for business on the Sunday charged, and that he operated the motion picture machine therein; that in so doing he was following the instructions of his Union; that when he got to the show on that day, Pois, the owner, was not there; that he, appellant, went ahead and prepared to open the show, fixed everything, put his reels in, and then ran them during the time the show was open; that he donated his services; that he did not discuss the matter at all, nor have any understanding with Mr. Pois. Other witnesses testified, without contradiction, that the show was open for business on the Sunday in question, and that appellant was there operating the machine. The witness Pois was in fact introduced by the State, but an examination of his testimony discloses that he denied that appellant helped run the show on the day in question. He further stated that appellant donated his services; that he, Pois, did not have appellant there that day; that he just came down of his own accord; that appellant had nothing to do with selling tickets or opening the

doors of the theatre, or taking in money, and that he paid appellant nothing that day; that he did not authorize him to open the doors, and that what appellant did was without any understanding. The testimony of appellant was much more favorable to the State than that of Pois.

The general holding in this State is, that where the testimony of an accomplice is not favorable to the State, it is not error to fail or refuse to charge on such testimony. Moseley v. State, 36 Texas Crim. Rep., 580; Waggoner v. State, 35 Texas Crim. Rep., 201; Matkins v. State, 33 Texas Crim. Rep., 605.

The record makes it clear that no contest was made in the trial court, and none is here made of the fact that the picture show was operated on the Sunday in question, and that appellant operated the machine in same. The refusal of the requested charge was not error under the facts of this case. Bailey v. State, 68 Texas Crim. Rep., 119, 150 S. W. Rep., 915; Art. 743, Vernon's C. C. P., and authorities

Appellant urges further that we did not discuss in our opinion, his motion to quash the complaint. Said motion contains four grounds: First, that the complaint was bad, because the Sunday law did not apply to moving picture shows. The complaint charged appellant with keeping open on Sunday a place of public amusement, to wit, a theatre. Such act is expressly forbidden by our statute. There is nothing in this contention. The second ground of the motion was that the complaint charged appellant as being the agent or employee of the proprietor. Article 302, of our Penal Code expressly makes the agent or employee criminally liable when he opens or keeps open such place of business on Sunday. The third ground of the motion is, that the complaint was filed on Sunday. There is nothing in this. Lindsay v. State, 39 Texas Crim. Rep., 468. The fourth and last ground of the motion is, that the complaint was taken before the assistant county attorney, with reference being made to the county attorney. This is the proper practice. Dane v. State, 36 Texas Crim. Rep., 86; Kelley v. State, 36 Texas Crim. Rep., 481; Article 34, Vernon's C. C. P., and authorities.

Being unable to agree to any of the contentions made by appellant in his said motion for rehearing, the motion will be overruled.

*Overruled.*