LEE GARSEE v. THE STATE.

No. 8053.    Decided January 9, 1924.

Rehearing denied February 20, 1924.

1.—Theft—Bills of Exception—Practice on Appeal.

On the original presentation of this case an order was discussed with reference to filing bills of exception, but a certified copy of said order to file bills of exception shows that this court was inadvertently misled by the date and that the bills of exception were filed in time.

2.—Same—Bills of Exception—Charge of Court—Recent Possession.

We find that the court's charge on recent possession of the alleged stolen property by the appellant and as to whether his explanation thereof was

reasonable, etc., is not on the weight of the testimony and not open to the objection taken, besides the bills of exception are defective.

### 3.—Same—Evidence—Bills of Exception—Value—Penalty.

The exception to the testimony of the owner of the alleged stolen car to the fact that he paid $3,050, for it, is not well taken, as there was no issue made that the value of the alleged stolen automobile was less than $50. Besides, the defendant received the lowest penalty.

### 4.—Same—Bill of Exceptions—Impeaching Witness.

With reference to the bill of exceptions complaining that the appellant was asked by the state if he had not been indicted for felony, this court observes that the rules do not require that the bill of indictment be produced in the first instance. If the witness admits that he has been so indicted, this meets the object of the inquiry.

### 5.—Same—Continuance—Practice on Appeal.

Where the record shows that one of the alleged absent witnesses was present and testified; that another witness was present but not used; that another was in the county of the prosecution and could have been secured; and that still another lived in another state and no effort was made to obtain his deposition, and his testimony would not have been admissible anyway, there was no error in overruling the application.

### 6.—Same—Argument of Counsel—Practice in Trial Court.

In view of the overwhelming sufficiency of the evidence and that appellant received the lowest penalty, and that no exception was made to the argument of the State's counsel, and moreover that the argument was withdrawn from the jury in due time, there is no reversible error.

### 7.—Same—Sufficiency of the Evidence—Charge of Court.

Where, upon trial of theft of an automobile the evidence was sufficient to sustain the conviction upon proper charge of the court, there is no reversible error.

Appeal from the District Court of Jefferson. Tried below before the Honorable Geo. C. O'Brien.

Appeal from a conviction of theft of automobile; penalty, two years imprisonment in the penitentiary.

The opinion state the case.

*Howth & O'Fiel* and *Lamar Hart,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jefferson County of felony theft, and his punishment fixed at two years in the penitentiary.

The facts sufficiently support the judgment of guilty and will not be set out at length. Appellant was tried at the March Term of the

58th Judicial District Court at Beaumont. His motion for new trial was overruled on April 8, 1923. As part of the order overruling said motion the court allowed ninety days from said date in which to file statement of facts and bills of exception. There are six bills of exception each of which appears to have been filed on July 25th. No order is in the record extending the time for filing such bills. The Assistant Attorney General moves to strike out the bills of exception because filed too late. The motion must be granted. The indictment is in regular form and the charge of the court seems to sufficiently present the law of the case. Exceptions were prepared and presented to the charge of the court but in view of certain requested charges which were given there is nothing in the exceptions.

No error appearing, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

February 20, 1924.

LATTIMORE, JUDGE.—On the original presentation of this case the order overruling appellant's motion for new trial and granting time in which to file bills of exception appearing to be of date April 8, we concluded the bills of exception not filed in time and declined to consider them. The matter is properly before us now, upon a certified copy of said order showing it to have been entered on April 28th. Conceding the correctness of this, the bills of exception were filed within time and are none considered.

We are in serious doubt as to whether the exceptions taken to the charge of the court point out sufficiently any part thereof regarded as objectionable, our statute requiring that the exception point out the specific part of the charge complained of; giving consideration to the exceptions, however, we observe that the charge on recent possession of the alleged stolen property by the appellant, and as to whether his explanation thereof was reasonable and sufficiently accounted for his possession,—in our opinion is not on the weight of the testimony and not open to the exceptions taken.

There is an exception to the testimony of the owner of the alleged stolen car to the fact that he paid $3,050 for it. There was no issue made that the value of the alleged stolen automobile was less than fifty dollars. It showed to be a Studebaker Sedan which had been used some months before the alleged theft. The admission of the testimony of the owner that he gave the above mentioned sum for it and that it was worth $1850 at the time it was taken, if erroneous, would

seem to be incapable of any conclusion of injury, the jury having given appellant the lowest penalty and the evidence amply supporting the fact of his guilt. The alleged owner testified that the car would have brought $1850 in the market at the time.

With reference to the bill complaining that the appellant was asked while on the witness stand if he had not been indicted for a felony, we observe that the rules do not require that the bill of indictment be produced in the first instance. If the witness admits that he has been so indicted, this meets the object of the inquiry. If he denies it, then the State would be relegated to the production of the best evidence. The testimony was admitted evidently for the purpose of affecting the credibility of the appellant as a witness.

In his qualification to the bill of exceptions complaining of the refusal of appellant's application for a continuance it is made to appear that deputy sheriff Woods, one of the witnesses named in the application, was present and testified, and that appellant's grandmother was present but was not placed on the witness stand, and that Mr. Storm, another witness named, lived at Port Arthur, which was in the same county as that of the trial, and connected with Beaumont by hourly trolley service and that no effort was made during the trial to obtain the presence of said witness. Dad Brown, the other witness named, lived in Louisiana and no effort was made to obtain his deposition, but his testimony appeared to be only a narration of statements made by appellant's codefendant Fears, and such testimony, if offered, would not appear to be admissible. There is the further statement in this connection that appellant had been brought into open court some time prior to the trial and had then made no statement of his desire for the witness named.

The bill of exceptions complaining of the argument of the State's attorney is qualified with the statement that when the argument was made there was no exception nor objection of any kind, and that after the State's attorney had concluded his argument appellant presented a special charge which the court promptly gave, instructing the jury not to consider such argument. The argument was improper but in view of the overwhelming sufficiency of the testimony and the fact that appellant received the lowest penalty, it is manifest that the improper character of the argument would not justify this court in reversing the case on that ground.

The car of Mr. Absher was taken in Port Arthur, Jefferson County, Texas, on the 25th day of November, 1922, some time about 8 o'clock at night. The next morning appellant, accompanied by a boy named Fears, was found in possession of the car in DeRidder, Louisiana. According to the testimony of Mr. Woods, when questioned with regard to the car, appellant said that it was his and that he lived in Dallas, Texas. Appellant's testimony as given upon the trial sought

to lay the blame for the taking upon young Fears who had pleaded guilty and gone to the Boys Training School at Gatesville. The charge of the court sufficiently stated the law of the case, and the facts amply supported the conclusion of guilt.

The motion for rehearing will be overruled.

*Overruled.*