## WILLIE LOU GREENWOOD V. THE STATE.

No. 19029.   Delivered May 26, 1937.

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder without malice, and her punishment was assessed at confinement in the state penitentiary for a term of five years.

The testimony adduced by the State, briefly stated, shows that on the night of May 9, 1936, several negro women including the deceased, Alice Robinson, and appellant became involved in a difficulty in the town of Abilene, Texas. In the combat appellant inflicted a number of stab wounds upon the deceased with an ice pick, while some of her companions used knives and razors. The doctor, who was called to administer to the injured party and examined her, testified that deceased had several stab wounds in the back and in the left side of her chest which appeared to have been made with an ice pick or

some instrument of a similar nature; that the instrument with which the stab wounds were inflicted penetrated her heart and caused her death; that the other wounds on her body were cut wounds and were not such as would ordinarily prove fatal.

Appellant has three bills of exception in the record in each of which she complains of certain argument of the district attorney.

By her first bill she complains because the district attorney in his opening address said:

"If I ever saw a negro telling the truth, it was Nathan Watts."

Appellant objected to said argument on the ground that the district attorney was testifying; that he was passing judgment on the credibility of the witness and the weight to be given his testimony, which was in direct conflict with the testimony given by appellant; that there was no testimony from any other source that appellant had an ice pick. The statement of facts discloses that Joseph Washington, Johnnie West, and Hattie Blocker all testified that appellant had an ice pick, which corroborated the testimony given by Nathan Watts. Furthermore, the doctor who examined the deceased testified that the stab wounds on the body of the deceased appeared to have been made with an ice pick or an instrument of a similar nature.

In support of her contention appellant cites us to the case of Jones v. State, 91 S. W. (2d) 341. We do not regard that case as being directly in point or analagous to the case at bar. In that case the district attorney stated that he had worked with the officers, that they had rendered faithful services, and that he knew they were worthy of belief, which was clearly an expression of his personal knowledge of the integrity and veracity of the officers. In the instant case the district attorney did not make any statement of a fact within his knowledge, but the statement he made was a conclusion which he had arrived at from the conduct of the witness and the support given his testimony by other witnesses. It occurs to us that the argument complained of was not an unreasonable deduction from the testimony.

By bill of exception number two appellant complains of the following argument:

"You can turn this negro loose, if you want to, and let things like this occur again and again, or you can convict her and stop these kind of affairs in Negro Town."

The court qualified said bill and in his qualification states

that just before said argument was made the district attorney stated to the jury:

"Our Penal Code states that the purpose of the law is to deter crime and reform the offender."

While the argument complained of is not such as might be commended, yet in determining whether or not improper argument was harmful to the extent that it requires reversal of a case the court will look to the evidence and the verdict of the jury. In this case the jury assessed appellant's punishment at confinement in the penitentiary for a term of five years though the testimony might have sustained an enhanced punishment. Therefore the argument complained of, especially in view of the court's qualification, seems not to have injuriously affected the appellant's legal rights. In this position we think we are supported by the holding of this court in the cases of Roberts v. State, 150 S. W., 627, and Coates v. State, 98 Texas Crim. Rep., 314.

The argument complained of in bill of exception number three is not deemed to be such as would require a reversal of this case. We fail to see how any harm resulted to appellant from the remarks.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.