SELANES CANEDO v. THE STATE.

No. 19252. Delivered January 5, 1938.
Rehearing denied March 3, 1938.

The opinion states the case.

*C. L. Patterson,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of murder with malice and his punishment was assessed at death.

By bill of exception number one, appellant complains because the State was permitted to offer in evidence his written

confession, in which he confessed that he killed the deceased for the purpose of getting some money off his person. Appellant objected to the introduction of said confession on the ground that he was under arrest at the time; that his confession was not voluntarily made but was obtained under duress, etc.

At the time the confession was offered by the State, there was no evidence of any mistreatment of appellant by the officers; consequently it was admissible at that time. Appellant subsequently testified in substance, that he was whipped by the officers until he made said confession, but that notwithstanding such treatment by the officers, the confession was, in substance, a true and correct statement of how the homicide occurred.

The court instructed the jury that if they believed the written statement by appellant was not freely and voluntarily made, or if they believed that the same was induced by duress, threats or coercion upon the part of the officers, or if they had a reasonable doubt thereof, they should not consider it for any purpose. It occurs to us that inasmuch as appellant entered a plea of guilty and testified in substance to the same material facts as were contained in his confession, and in view of the court's instruction to the jury, appellant's legal rights were adequately protected. He insists, however, that the confession was very prejudicial and may have caused the infliction by the jury of the death penalty.

Even though it be conceded that it was harmful, it was not more so than his own testimony to the effect that he killed the deceased for money; that he would have killed him even if he had held up his hands and said: "For God's sake, don't kill me."

In the case of Rueda v. State, 101 Texas Crim. Rep. 651 (658), this Court held that if a defendant took the witness stand and testified to substantially the same facts contained in his confession, the error, if any, in the admission of the confession in evidence was harmless. See, also, Mangum v. State, 126 Texas Crim. Rep. 129; Wells v. State, 76 S. W. (2d) 1047.

If appellant desired to have the confession excluded, he should have requested the court to retire the jury at the time and he should have produced testimony in support of his objection to the effect that it was not freely and voluntarily made. He did not do so but contented himself with the mere objection on the grounds stated.

By bills of exception numbers two, three, and four, appellant complains because the trial court would not permit him, upon a hearing of a motion for a new trial, to prove by the

jurors who tried the case that they heard the district attorney in his closing argument say that appellant had not told the whole truth regarding Evelyn Guckian's connection with the offense; that if the jury would give him the death penalty it would force him to tell the whole story; that the jury should make an example of the defendant and assess the death penalty to deter others; that the jury in arriving at the death penalty took said argument into consideration.

The State objected thereto on the ground that the jury could not impeach their verdict. The court qualified said bills and in his qualification stated that appellant testified that the deceased was his friend; that he killed him for whatever Evelyn Guckian was going to give him; that during the investigation of this case he talked to the district attorney and throughout the conversation did his best to protect Evelyn just as he was doing now; that he withheld any information about her, etc.; that counsel for appellant in his argument to the jury contended that appellant was a mere tool in the hands of Evelyn; that she was the real murderer; that if the jury gave the appellant the death penalty, she could not be convicted; that she hoped the jury would give him the death penalty so that he would be forever removed as a witness; that no objection was made to the argument of the district attorney, and it was first complained of by appellant in his motion for a new trial.

It seems to us that appellant takes the position that the trial court, and this court as well, should inquire into and determine all matters discussed by the jury in their deliberation as to how they arrived at their verdict; upon what particular fact or facts in evidence they based their verdict and what part of the district attorney's argument, if any, they took into consideration in arriving at the penalty to be assessed.

The courts have consistently adhered to the rule that no affidavit or other sworn statement of a juror will be received to impeach the verdict, to explain it, or to show upon what grounds their decision was rendered. See Morgan v. State, 121 Texas Crim. Rep. 424; Randall v. State, 121 Texas Crim. Rep. 563; DeLong v. State, 122 Texas Crim. Rep. 290. It seems that this Court in the cases cited, held that to permit a jury to impeach its own verdict was contrary to public policy, and we believe that such decisions are sound.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant's motion is a reiteration of the grounds for a reversal offered in his original brief herein, and which grounds have been gone over seriatim in our original opinion herein.

He urgently insists that appellant's confession, introduced in evidence, was obtained by the use of duress, and violence, and the putting in fear of his life upon the part of appellant by the sheriff of Bexar County, and appellant so testifies. In such confession he admits that he intended to rob Mr. Daly, the deceased, and that he engaged in a physical difficulty with the deceased, and that the pistol went off in the struggle and Mr. Daly was thereby killed; that he did not intentionally try to kill him. In his testimony given on the trial he makes out a much more serious offense against himself, as is shown in the original opinion. It seems to us that his introduced confession, in the light of his plea of guilty, was much more beneficial to him than his testimony given at the time of his trial. We can see no error nor prejudice to him in the introduction of such confession, guarded, as it was, by a proper instruction of the trial court.

It is earnestly insisted that since the appellant has implicated another as the moving cause in this homicide, and that he claims to have acted under the domination, advice and insistence of such other person, whom the testimony shows that he was protecting,—that this motion should be granted in order that the person in question should be properly punished. We can see no force in such position. We have only this one case before us, and a person presented who admits he killed Mr. Daly for the money that he expected to be paid to him for such deed. True, he says that another conceived and motivated the crime, but such guilty complicity of the other, if to be believed, would not militate to lessen the guilt of the appellant. The carrying out of the complained of judgment on this appellant would probably result in the other person going free of punishment, nevertheless such can not be helped. That this appellant is guilty can not be gainsaid; matters relative to his adviser and instigator will of necessity have to take care of themselves.

We can see no error in the complained of remarks of the State's attorney relative to letting the punishment in this cause be severe enough in order to deter others from committing like offenses. Such is the purpose of the Penal Code and its enact-

ments. Article 2 of the Penal Code say: "The object of punishment is to suppress crime, and reform the offender."

Recognizing the severity of this punishment, we have again reviewed the facts and bills of exception, and we see no reason to change the views thereon as set forth in the original opinion. It is regrettable that such crimes are committed, but when so committed, and the record shows, as does this one, that the appellant has had his rights safeguarded, as this one has, we have no alternative but to allow the solemn verdict of a jury to be carried out.

The motion is therefore overruled.