## B. G. BROWN, JR., V. THE STATE.

No. 19531.   Delivered April 6, 1938.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

Appellant entered a plea of guilty and filed his application for a suspended sentence. The proof on the part of the State showed that appellant and another burglarized a granary belonging to Arthur Hill and took therefrom about 75 bushels of oats, which they carried to the home of J. Y. Brannan. Shortly after the theft appellant's companion, D. Yancy, sold some of the oats to Earl Watkins. The State introduced in evidence appellant's confession, in which he stated that he and D. Yancy committed the burglary and carried the oats to the home of Mr. Brannan.

Appellant was 23 years of age. It was uncontroverted that his general reputation as a peaceable and law-abiding citizen was good.

In his motion for new trial appellant alleged that the jury, after retiring to deliberate, received other evidence. It appears from the testimony adduced on the motion that during the term at which appellant was tried, and prior to his trial, Aaron and Davis were tried for theft of grain and awarded suspended sentences. Ten of the jurors in the case of the appellant had sat on the cases of Aaron and Davis and one of appellant's jurors had heard the testimony adduced in said cases and was aware that suspended sentences had been awarded. However, the juror Cannon in appellant's case had not served in the other cases and had no knowledge of the facts. He testified: "I was not a juror on the Davis and Aaron case. All I know about that was what I heard in the jury room in this Brown case. That was where I learned as to the Davis and Aaron cases and what they had gotten and where they had gotten the oats and what they did with them when they got to town." There was no testimony adduced on the trial of appellant's case relative to the manner in which the theft had been perpetrated by Davis and Aaron, nor was it in evidence that said parties were about 20 years of age and had been awarded suspended sentences. On this point one of the jurors testified: "There was not any evidence in the present case introduced from witnesses on the stand with reference to the Davis case or the Aaron case; not that I know of. There was no witness testified to that on the witness stand; not that I know of."

Upon the first ballot six of the jurors were for the suspension of the sentence and the remainder voted to confine appellant in the penitentiary for a term of two years. At this juncture some of the jurors referred to the Aaron and Davis cases with the statement that the manner in which they handled the oats indicated they were not experienced thieves. Specifically, it was stated that the proof on the trial of those cases showed that Davis and Aaron carried the stolen grain to an elevator in the presence of an officer and either sold or attempted to sell same. As to appellant's case, these jurors pointed out that the manner in which he handled the stolen oats indicated he had had experience. In this connection reference was made to the fact that the oats were concealed by appellant in the home of Brannan, and that on the occasion of the sale at the grain elevator appellant was not present. Further, it was said that appellant was 23 years of age, whereas Aaron and Davis were only 20. After four or five ballots the jurors who had voted for a suspension of the sentence agreed to a verdict condemning appellant to confinement in the penitentiary for a term of two years. Among the jurors who had desired to suspend the sen-

tence was Mr. Cannon. It has been already observed that he knew nothing of the Aaron and Davis cases until the discussion of same arose in the jury room.

We are of the opinion that the trial court fell into error in refusing to grant the motion for new trial. Subd. 7 of Article 753, C. C. P., provides that a new trial shall be granted in cases of felony where the jury, after having retired to deliberate upon a case, have received other testimony. Information given by one of the jurors to the others is new and other testimony within the meaning of the statute. McDougal v. State, 194 S. W. 944; Holland v. State, 298 S. W. 898. If it should be said that the discussion was of matters within the knowledge of the jurors it is observed that one of said jurors received his first information in the jury room. Knowing the facts of the other cases, several of the jurors based an argument on same evidently designed to prevent appellant from receiving a suspended sentence. Where, after retirement, the jury receive other evidence damaging to the accused, the presumption of injury will obtain. Holland v. State, supra; Brown v. State, 276 S. W. 929. See also Horn v. State, 97 S. W. 822.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.