GRACIE KING V. THE STATE.

No. 21450. Delivered February 26, 1941.

The opinion states the case.

*Oscar B. Jones,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant, a negro woman, was convicted of killing a negro man and assessed a penalty of twenty years in the penitentiary.

By bill of exception appellant complains of the argument of the assistant district attorney, in which he is quoted as making the following statement:

"If you bring in a verdict of guilty in this case you will throw a chill down the spine of every negro in Gregg County and thereby stop some of these negro killings."

This mild effort at oratory was very likely understood by the jury as such. At least, it has some of the characteristics of oratory in that it is voluminously worded for the little that is said. Thoroughly analyzed it means practically nothing. There is no charge that they are having any negro killings. There is nothing inflammatory, and he does not say how many negro killings would be stopped.

Generally one of the primary purposes for the assessment

of penalties is to deter crime (Art. 2, P. C.) and we see no harm in the jury's being informed of this fact unless it is done in such a way as to bring matter outside the record specifically before the jury and so applied to the case before them as to constitute new evidence or to so inflame the minds of the jury as to affect their consideration of the evidence before them. The argument complained of does neither, so far as the record before us indicates. While there is nothing commendatory about it, we find nothing to condemn.

Appellant next complains of the conduct of the jury. During its deliberations a discussion arose among the members upon the question as to the percentage of time the defendant would actually be required to serve in the penitentiary, whereupon the foreman said: "I had read somewhere along the line that one-third was allowed to some prisoner somewhere along the line, in some state, for good behavior."

The evidence of only one juror was heard as to what took place, and it is very apparent that the conversation was not fully developed in the record. As a result of what was said a note was sent to the trial judge asking for instruction on the subject. This he declined to give and then it does not appear that anything further was said about it. The jury had widely varied ideas about the amount of penalty, though they had all agreed on a verdict of guilty. Thereafter, they brought in a verdict of twenty years. The evidence does not show what was in the minds of the jurors before that time and there is nothing to indicate that this discussion might have influenced them in raising the penalty. To the contrary, the jury showed by their conduct that they wholly disregarded the dicussion to give inferred the matter to the judge. When he declined to give instruction it is quite evident that the jury considered it an improper matter and that they thereafter proceeded in some other way to reach an agreement.

This case is distinguishable from Weaver v. State, 210 S. W. 698, in which it is said:

"It appears that the foreman and other members of the jury made statements in the presence of the jury bringing to their attention several instances occurring in Travis County in which, after conviction of persons accused of crime and sentenced to the penitentiary, as claimed by the jurors, the Governor had wrongfully interfered and used the pardoning power to shorten the terms of service of those condemned. In this discussion the murder of a Mr. Hornsby by Mexicans was disclosed; also, the

murder of Eugene Smith, and a homicide committed by one Miller. These homicides were not known to some of the members of the jury, and they were in ignorance of the subsequent history of the trials of those charged with them. These were repeatedly referred to by the foreman and other members of the jury, and the jurors told that, if they failed to assess the death penalty against the appellant, the Governor would be guilty of misconduct like that in the cases mentioned and release him from the penitentiary, and that for that reason the death penalty should be assessed."

A discussion of the foregoing conduct is hardly necessary to see the distinguishment which we have made. However, it is observed that the jurors discussed specific cases of local interest and, from a knowledge of the historic facts surrounding them, it is not too much to say that some of these cases had stirred the minds of the people of Travis County to an unusual degree so that the mention of them might have been considered inflamatory. They discussed specific cases and brought the facts relative to them before the jury for consideration in that case and it was upon these that the jury might have acted.

The indefinite statement made by the foreman of the jury in the instant case brings no fact before the other jurors. There is nothing inflamatory about it and it seems that it raised only a question in the minds of the jurors for which they sought an answer and received none. We see no reason for a conclusion that it affected their verdict or might have done so.

The judgment of the trial court is affirmed.