GRISHAM MAY V. THE STATE.

No. 24017. Delivered March 24, 1948.

*Victor H. Lindsey* and *E. A. Blair,* both of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for robbery, punishment assessed at twenty years in the penitentiary.

Appellant entered a plea of guilty to robbing the Hale Center First National Bank of something over $2,000.00.

It is not necessary to set out the facts.

In bills of exception Nos. 1, 2, 4, 5 and 6 appellant complains of misconduct of the jury in receiving evidence after their retirement which was not produced before them from the witness stand, and in considering such evidence in assessing appellant's punishment. The qualification of the trial court upon the various bills, and his findings of fact upon the hearing of the motion for new trial render the complaints without merit save as to that brought forward in bill No. 1. It is certified in said bill that the jury:

"* * * did mention that there had been numerous other crimes committed in Plainview, Hale County, Texas recently and that the parties committing those crimes would be watching the verdict in this case and would govern their actions in accordance with the verdict in this case. It was also introduced in evidence on the motion that the jury discussed that their verdict would be rendered for Hale County's protection, and that the discussion by the jury was along the line to deter others from committing like offenses. The court in his order overruling defendant's motion for a new trial, also found that the jury did mention the effect of their verdict in this case upon other crimes which might be committed in the future. There was no evidence introduced in this case as to other crimes having been or about to be committed in Plainview, Hale County, Texas.* * *"
It is further certified in the court's qualification to said bill that the district attorney in his closing argument discussed the purpose of punishment and asked the jury to render a verdict that might deter others from committing like offenses. There being no evidence before the jury of any other offenses having been committed in Plainview, that fact, if it was a fact, came to the jury's attention after they retired to consider their verdict. Same was improperly before them. Under Art. 753 C. C. P., subdiv. 7, it is made a ground for new trial "Where the jury after having retired to deliberate upon a case, have received other testimony; * * *". See Brown v. State, 134 Tex. Cr. R. 275, 115 S. W. (2d) 646; Derrick v. State, 80 Tex. Cr. R. 10, 187 S. W. 759; Howell v. State, 94 Tex. Cr. R. 563, 252 S. W. 539; Johnson v. State, 114 Tex. Cr. R. 619, 26 S. W. (2d) 262; Stallworth v. State, 148 Tex. Cr. R. 255, 186 S. W. (2d) 252; Weaver v. State, 85 Tex. Cr. R. 111, 210 S. W. 698; Vernon's Texas C. C. P., Vol. 3, Art. 753, subdiv. 7, and cases cited in Note 39 thereunder. To what extent, if any, the fact that crimes committed by other parties affected the jury in the amount of punishment assessed against appellant is of course speculative,

but under the law a reversal is demanded where evidence comes before the jury as here shown, and in the absence of a showing that no injury to appellant resulted.

The district attorney was well within his rights in arguing to the jury that punishment should be such as to deter others from committing similar offenses. Art. 2, P. C.; Greenwood v. State, 132 Tex. Cr. R. 505, 105 S. W. (2d) 888; Canedo v. State, 134 Tex. Cr. R. 80, 113 S. W. (2d) 902; King v. State, 141 Tex. Cr. R. 257, 148 S. W. (2d) 199; Williams v. State, 145 Tex. Cr. R. 634, 170 S. W. (2d) 735; Sandoval, et al v. State, decided February 25, 1948, not yet reported. (Page 430 of this volume). In this connection we call attention to the cautionary suggestion in King v. State (supra) that calling the jury's attention to the purpose of punishment should not be "* * * done in such a way as to bring matter outside the record specifically before the jury and so applied to the case before them as to constitute new evidence or to so inflame the minds of the jury as to affect their consideration of the evidence before them.* * *" The punishment sought in the case then before the jury must be based upon the legal evidence in the trial. Illegal evidence got before the jury after their retirement as to numerous crimes having been committed in Hale County, and a discussion by the jury as to what should be done in the present case in view of such facts. The consideration of numerous other crimes upon the question of punishment to be assessed is especially harmful here because in view of the plea of guilty nothing but the punishment was in issue. The argument of the district attorney, while perhaps in itself did not go too far, yet is dovetailed into the illegal evidence received by the jury, and the harm which may have resulted to appellant is obvious.

Bill of exception No. 3 is not thought to be meritorious nor to require discussion.

What is denominated bill of exception No. 7 presents an anomalous situation. The term of court at which appellant was tried adjourned on January 2, 1948. On January 29, 1948, within the time for securing bills of exception ,appellant's attorneys presented to the trial judge a bill complaining that at the time appellant entered his plea of guilty he was not admonished by the court of the consequences of said plea, nor was he ever so admonished at any time during the trial on said plea. The trial court approved said bill on said January 29, 1948, certifying in same that after the State and appellant had announced ready for trial before the jury the district attorney read the indict-

ment, and that: "* * * defendant * * * stood up and entered a plea of guilty to the indictment and the court said alright. The court did not admonish the defendant of the consequences of his plea of guilty. The defendant * * * was never admonished by the court at any time during the trial * * *". No complaint of such omission was made at the time the plea of guilty was entered, nor was it mentioned in the motion for new trial. The judgment recites that it was done, and also recites the other formalities required by the law. It will be observed that on the date of the approval of the bill of exception court had adjourned for the term, and the court had lost control over the judgments entered thereat. The record is silent as to whether, in view of the certificate of the court, he would have granted a new trial had the right to do so existed. The purported bill recites that appellant "* * * excepts and objects to the Court's failure to admonish the defendant as to the consequences of his plea * * *". Whether appellant could raise the question in the manner stated after adjournment of the court for the term is a matter this court disclaims deciding now, but on account of the importance of the question we call attention of the trial judges to Art. 501 C. C. P. which provides: "If the defendant plead guilty, he shall be admonished by the court of the consequences; and no such plea shall be received unless it plainly appear that he is sane, and is uninfluenced by any consideration of fear, by any persuasion or delusive hope of pardon prompting him to confess his guilt." It has been held that the foregoing provision of the statute is mandatory, and that the three things required must be done as a condition precedent to the validity of the plea of guilty, and that such question may be raised after conviction. Evers v. State, 22 S. W. 1019; Saunders v. State, 10 Tex. App. 336; Wallace v. State, 10 Tex. App. 407; Coleman v. State, 33 S. W. 1083; Miller v. State, 58 Tex. Cr. R. 600; Webb v. State, 55 S. W. 493. It is to be hoped that the trial judges will keep in mind the requirements of the statute in accepting pleas of guilty in felony cases, so that the question here suggested may be avoided. The matter is not discussed further as it will not arise upon another trial.

For the misconduct of the jury the judgment is reversed and the cause remanded.