EDMOND N. SIMONE V. STATE.

No. 25,769. April 2, 1952.
Appellant's Second Motion for Rehearing Denied (Without Written Opinion) June 4, 1952.

Hon. Robert A. Hall, Judge Presiding.

*Martin and Moore,* and *Brewster, Pannell, Leeton & Dean,* Ft. Worth, for Appellant.

*Henry Wade,* District Attorney, *Gene Bailey,* First Assistant District Attorney, *Charles S. Potts,* Assistant District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin for the state.

DAVIDSON, Judge.

The offense is keeping and exhibiting a gaming table and bank, with the minimum punishment assessed at two years in the penitentiary.

This is a companion case to Lewis v. State, 155 Tex. Cr. R. 544, 237 S. W. 2d 293. The facts here stated supplement those therein given.

As a result of rumors that the second floor of the Suburban Club was being used for gaming purposes, peace officers of the city of Dallas designated three men to act as undercover agents to investigate. The agents selected were J. E. Pennington and G. C. Arnett, plain clothes officers of the city of Dallas, and John W. Crank, an agent of the Texas Liquor Control Board.

The agents went to the club on three successive nights: June 11, 18, and 25, 1949. On two of these visits the appellant was the banker of the dice game, while at the other he acted in the capacity of receptionist and "good will man" in greeting the guests. When appellant was the banker of the game he stationed himself on the opposite side of the dice table from the players. All bets received by the takers were turned into him and he paid the winning bets. These funds he kept in a cigar box immediately in front of him. Such was the position of appellant when, shortly after midnight of June 25 or early June 26, police raided the club and placed appellant and others under arrest.

Appellant, testifying as a witness in his own behalf, admitted his presence on the occasions mentioned but claimed that he was only a visitor participating in the gambling. He denied any connection with the operation, keeping, or exhibiting of the game.

According to the state's witnesses, appellant was guilty, as charged. According to his testimony, he was not. No extenu-

ating circumstances entered into the case; it was a case of guilty or not guilty.

The jury accepted the testimony of the state's witnesses, and rejected that of the appellant. Such was the province of the jury, and its verdict is abundantly authorized by the testimony.

It is in the light of these facts that appellant's objections and exceptions to the arguments of state's counsel must be appraised.

By Bill of Exception No. 1 it is shown that state's counsel, in opening argument, said to the jury:

"I'll tell you gentlemen this town needs to send its racketeers and professional gamblers to the penitentiary." Upon objection of appellant, the trial court instructed the jury to disregard the word "racketeers" in the argument.

By Bill of Exception No. 2 it is shown that immediately after the trial court's instruction, counsel repeated the argument, saying:

"Gentlemen, I tell you it is time to send these professional gamblers to the penitentiary."

Appellant objected to these arguments as being not authorized by the evidence and constituting the giving of unsworn testimony by the attorney making the argument.

The arguments appear to be warranted by the facts. According to the state's testimony, appellant was a gambler on a large scale, while, according to appellant's own admission, he repeatedly gambled and was so engaged on the nights testified to by the state's witnesses. The conclusion is expressed that state's counsel was warranted in referring to those shown by the state's testimony to be connected with the unlawful enterprise as "professional gamblers."

Bill of Exception No. 3 reflects that in the opening argument, and immediately following the argument above mentioned, state's counsel said to the jury:

"I want to tell you that by sending Eddie Simone to the penitentiary, you are going to stop these reprisal killings in the underworld of Dallas."

The objection to this argument was that it "was an appeal to the prejudice of the jury and highly improper" and that the argument was not supported by the evidence.

The trial court sustained the objection and instructed the jury to disregard the statement for all purposes. Appellant insists that the argument was such as that its harmful effect could not be erased from the jury by an instruction to disregard the same and that reversible error is thereby reflected.

One of the objects of punishment for violations of the law is to suppress crime (Art. 2, P. C.), which, of necessity, confers upon counsel the right to make reference thereto in argument, as we have indicated in Greenwood v. State, 132 Tex. Cr. R. 505, 105 S. W. 2d 888; Canedo v. State, 134 Tex. Cr. R. 80, 113 S. W. 2d 902; King v. State, 141 Tex. Cr. R. 257, 148 S. W. 2d 199; May v. State, 151 Tex. Cr. R. 534, 209 S. W. 2d 606; Hall v. State, 155 Tex. Cr. R. 392, 235 S. W. 2d 638.

As was pointed out in King v. State, supra, state's counsel's calling the jury's attention to the purpose of punishment should not be done in such a way as to bring matters outside the record specifically before the jury and so applied to the case before them as to constitute new evidence which would so influence the minds of the jury as to affect their consideration of the evidence before them.

No necessity exists to here determine whether the argument complained of falls within the condemnation of the rule stated, for, here, the argument complained of was promptly withdrawn from the jury's consideration by the trial court. Hence, the question before us is whether the argument was such as that its effect could not be withdrawn and appellant thereby prejudiced and injured.

It is now deemed axiomatic that in determining whether argument of state's counsel constitutes reversible error, the entire record in the case will be looked to. In cases other than where a mandatory statute is violated, the withdrawal of argument of state's counsel from the consideration of the jury by the trial court is reversible error only when the record reflects that the accused has been prejudiced or harmed thereby. Thomas v. State, 83 Tex. Cr. R. 325, 204 S. W. 999; Ealy v. State, 87 Tex. Cr. R. 648, 224 S. W. 771; Garsee v. State, 96 Tex. Cr. R. 532, 258 S. W. 474; Rogers v. State, 102 Tex. Cr. R. 331, 277

S. W. 664; Fleenor v. State, 113 Tex. Cr. R. 546, 22 S. W. 2d 676.

In the cases cited, where the argument was withdrawn emphasis was expressly placed upon the fact that the state's evidence strongly presented the guilt of the accused and the minimum punishment was assessed. Here, the argument complained of violated no mandatory statute; the only error claimed was that appellant was injured thereby. The argument was promptly withdrawn from the jury's consideration; the minimum punishment was assessed; and the state's testimony abundantly established appellant's guilt.

We are aware of no case wherein a reversal of the conviction has been ordered under similar circumstances. We can not, therefore, under the record here presented, bring ourselves to the conclusion that reversible error is reflected in the argument complained of.

Other bills of exception complaining of the argument of state's counsel are answered by the same reasoning as just applied. In addition thereto, the trial court certifies that the argument complained of was invited. These bills are overruled, therefore, without further discussion.

In his brief, appellant complains of error in the court's charge. The record before us does not reflect that exceptions were reserved to the court's charge. The complaint sought to be presented is not, therefore, before us.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

A supplemental transcript containing appellant's objections to the court's charge has now reached this court.

By paragraphs 15, 16, 17, 18 and 19 thereof, the court's charge is objected to because it failed to submit appellant's affirmative defense to the effect that if a banking game was in progress but he participated therein only as a player, he would not be guilty.

Appellant relies upon Judge Hawkins' opinion on rehearing in Johnson v. State, 94 Tex. Cr. R. 80, 249 S. W. 1069, as supporting his contention that he was entitled to such affirmative defensive charge.

It is obvious, from the opinion in that case, that appellant admitted that a banking game was in progress on the occasions in question, but claimed that he participated therein only as a player. In order to be certain that these were the facts before Judge Hawkins, we have re-examined the statement of facts in that case and find, from appellant's testimony therein, the following: "A fellow by the name of Alex was *banking* it the second time I was there."

The facts in the case at bar, however, are different. We find, from appellant's testimony, the following:

"Q. * * * was that game being operated as a banking game? A. No, sir."

It is obvious that the affirmative defense raised in the Johnson case is not supported by the evidence in the case at bar, and the Johnson case is not here controlling.

We pass, then, to appellant's defensive theory that the game in question was just a social crap game and that he participated therein as a player.

We find the court's charge to have amply covered this defense. One paragraph thereof reads as follows: "You are instructed that even though you may believe that a dice game was being played on some or all of the dates mentioned in this charge, on which money was being bet, yet you cannot convict the defendant in this case if such dice game was played on the basis of every participant playing and betting with others on the same basis, and in no event can you convict the defendant in this case unless you believe from the evidence beyond a reasonable doubt that a gaming table or bank was then and there being kept for the purpose of gaming, having a keeper or keepers, based on the principle of one against the many and in which the keeper or keepers wagered against the bettors directly or indirectly and that the same was displayed for the purpose of obtaining bettors."

Appellant contends that the above-quoted paragraph authorized a conviction of appellant whether he was connected with

the keeping of the game or not. The rule is well established that the charge must be construed as a whole. We find that the court in the preceding paragraph amply told the jury that they must believe beyond a reasonable doubt that *this appellant*, acting with others, kept a gaming table or bank, and unless they did so believe, they should acquit him.

We find in the record an index to the bills of exception which reached the court as a separate instrument after the rendition of our original opinion herein.

This is an effort to amend the statement of facts in this court and cannot be considered.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.