ALICE MORENO AND HERIVERTO LOPEZ V. STATE

No. 28,370, June 13, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 10, 1956.

*Scardino* and *Regnier,* by *Paul P. Regnier,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady, Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellants were jointly indicted and tried for the offense of possessing heroin, a narcotic drug, the offense having allegedly been committed on or about June 18, 1955.

The 1955 amendment to Art. 725b V.A.P.C. not having become effective at the time of the offense, application for suspended sentence was filed by each defendant and submitted to the jury.

The jury found each of the defendants guilty and assessed the punishment of Lopez at 10 years and the punishment of Alice Moreno at 2 years. They did not recommend suspension of the sentence.

Upon the trial officers testified that heroin was found in the pocket of a dress which the evidence shows belonged to Appellant Alice Moreno and which was hanging in a closet of her room. Lopez lived with her as her common law husband.

The officers also testified that Appellant Lopez arrived during their search of the premises and a paper of heroin was found in his pocket.

Both appellants testified and denied that they possessed heroin, the effect of their testimony being that the heroin produced by the officers and claimed to have been found in the pockets of their clothing was not in fact found there, but was produced by the officers for the purpose of "framing" them.

The testimony shows that the officers were not acquainted with appellants, though two of them knew the reputation of Lopez as a peaceful and law abiding citizen and testified that it was bad.

The appellants testified that they did not know any of the officers.

The jury chose to accept the testimony of the state's witnesses on the disputed issue, and there is sufficient evidence to sustain their verdict.

The record contains one bill of exception which complains of remarks of Assistant District Attorney Ernst in his closing argument, wherein he stated with his hands extended toward appellants, "The only way we can stamp this thing out is to do away with these dope peddlers and users in the courts."

The trial court sustained the objection made and instructed the jury to disregard the remarks complained of, but declined to declare a mistrial.

According to the state's version, the appellants each possessed a paper of heroin and, while there is no testimony to the effect that they were sellers or pushers or that they were users, counsel had the right to argue that the heroin was possessed either for the purpose of selling it or using it.

Counsel has a right in his argument to the jury to discuss the testimony and draw reasonable deductions therefrom. Jones v. State, 153 Tex. Cr. R. 345, 220 S.W. 2d 156; Simone v. State, 157 Tex. Cr. R. 393, 248 S.W. 2d 938; Doswell v. State, 158 Tex. Cr. R. 447, 256 S.W. 2d 416; Brown v. State, 159 Tex. Cr. R. 306, 263 S.W. 2d 261.

In any event, in view of the trial court's ruling and instruction, the remarks do not constitute reversible error.

In his brief and by informal bills appellant complains of the admission of the heroin and the evidence relating thereto because of defects in the search warrant which authorized the search.

The evidence shows that the officers obtained a search warrant and made the search under its authority, but neither the warrant nor the affidavit for its issuance is found in the record. We are therefore unable to appraise appellant's complaint as to the search.

Other claims of error presented have been considered and are overruled.

The judgment is affirmed.