**Ben Capple CROWE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39088.**

Court of Criminal Appeals of Texas.

Feb. 9, 1966.

Rehearing Denied March 30, 1966.

John Whiteside, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Roland H. Hill, Jr., John H. Chambers and Truman Power, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is forgery; the punishment, two years confinement in the Texas Department of Corrections.

It is undisputed that the witness D. F. Lee spent the greater part of December 24, 1964, drinking in the various bars and taverns located in the vicinity of the Fort Worth stockyards, beginning at about 9 a. m. and continuing in this pursuit until shortly before midnight. During much of this time he was accompanied by appellant, who was also drinking, and during the course of the afternoon, Mr. Lee prevailed upon appellant to drive him to the Fort Worth State Bank, where Mr. Lee purchased $1200 worth of Traveler's Checks in preparation for leaving town. Appellant saw Mr. Lee make this purchase and was with him when he affixed his signature to the checks.

When the witness Lee left his last bar for the evening, and as he was making his way to a hotel about a block away, he was robbed of these Traveler's Checks.

Garth Smith, a witness for the state, testified that appellant approached him on the morning of Christmas Day and told him that if he, Smith, would cash some Traveler's Checks and bring appellant the money, they would divide the proceeds. Smith agreed to this proposal and took the checks from appellant. He further testified that appellant accompanied him to the Whitley Pharmacy, where they purchased a wristwatch and an electric shaver, and that the merchandise was paid for with a Traveler's Check of $100 denomination purporting to have been issued to D. F. Lee. Mr. Lee identified the check at the trial as one of those he had purchased the previous day while accompanied by appellant. Smith testified that he forged Lee's signature to the check and that appellant was present when the forgery occurred. It is undisputed that appellant knew that Smith was not D. F. Lee.

Mr. and Mrs. Whitley, operators of the pharmacy where the forgery was committed, sufficiently corroborated Smith's testimony, saying that appellant was present when Smith identified himself as D. F. Lee, and that appellant told them that the check

was good. Mrs. Whitley testified that appellant showed Smith where to sign the instrument and encouraged him to do so.

Appellant testified that Smith did not get the Traveler's Check from him. It was appellant's version that Smith told him that Lee had given the check to him in payment for services which Smith had performed for Lee. Appellant further testified that he did not even see the instrument Smith signed in the pharmacy, and did not know that Smith's endorsement was a forgery of Lee's signature.

■ The jury chose to believe the testimony of the state's witnesses, and the evidence is sufficient to sustain the conviction.

■ We do not agree with appellant's contention that the trial court erred in its failure to instruct the jury on the law of circumstantial evidence. The evidence connecting appellant with the offense was direct evidence adduced from witnesses to the forgery. The jury was properly instructed on the law of principals, and we find no error in the charge.

■ Appellant urged in his motion for new trial that the trial court committed error in refusing to grant a mistrial as requested by appellant during state's argument. We agree with appellant that the following excerpt from the statement of facts shows that the prosecutor went outside the record during his argument:

"Money can buy almost anything in this country. It can buy Deloris Fishers and it can hire lawyers." (Deloris Fisher was a witness for the defense.)

Mr. Whiteside (Appellant's counsel):

"Your Honor, My Lord, we are going to object to that; suggesting we bribed some witnesses; telling the jury that money can buy Deloris Fisher. It is so prejudicial."

The Court: "Sustained."

Mr. Whiteside: "We make a Motion for a Mistrial and ask the Court to instruct the jury not to consider it."

The Court: "You will not consider the last argument. The Motion is overruled."

■ There is no evidence in the record to justify an inference that the witness Fisher was bribed. This Court has consistently admonished prosecuting attorneys to confine themselves in argument to the evidence upon the trial, and to refrain from bringing outside influence to bear upon the jury in order to obtain a conviction. Palmer v. State, 148 Tex.Cr.R. 39, 184 S.W.2d 471. In determining whether or not the state's argument constitutes reversible error, however, the entire record must be reviewed. After carefully considering this record, we have determined that appellant does not present reversible error. Our conclusion is based upon several factors. The first of which is that the statement was promptly withdrawn from the consideration of the jury. Where such timely action is taken, the state's argument presents reversible error only when the record reflects that the accused has been prejudiced or harmed thereby. Simone v. State, 157 Tex.Cr.R. 393, 248 S.W.2d 938 and cases cited. Here, the state's evidence strongly presented the guilt of the accused, and the minimum punishment was assessed. Absent the improper argument by the state, it is extremely doubtful that a verdict more favorable to appellant would have been reached by the jury.

We further note that witness Fisher's testimony was of little material value to appellant. She testified that on December 24, 1964, she was employed at the Maverick Bar, and D. F. Lee entered this establishment shortly after it opened at 9 a. m. on that day. Mr. Lee, according to this witness, was drinking "pretty heavily" and passed out on two occasions during the afternoon and evening. Mrs. Fisher further testified that it was necessary to "put him out" of the bar two times that day, and

Mr. Lee was intoxicated to the point that he purchased a $1.98 doll from a girl in the bar, paying her $30.00 for it. She testified that appellant had been drinking in the bar with Lee and knew him at least well enough to call him by name; that appellant left the bar about 8:30 p. m.; and that Mr. Lee remained there until about midnight. This testimony bore little relation to the forgery which occurred the following day (and, in fact, bolstered the state's proof that appellant knew that the forger, Smith, was not D. F. Lee, the person to whom the bank had issued the Traveler's Check. Had the jury been moved by the state's argument to believe that the witness had been bribed, and consequently disbelieved her testimony, we fail to see that appellant would have been harmed by their conclusion.)

While not implying that the state's retaliation was justified, we also point out that such argument was indulged in only after appellant's counsel, during argument, had intimated that a "deal" had been made between the state and the accomplice witness, Smith. For these reasons, we find that appellant was not prejudiced by this argument. We also overrule appellant's contentions as to other parts of the state's argument which were allegedly prejudicial.

Appellant's remaining informal bills of exception present no error, and the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

By brief and in argument counsel complains that we failed to distinguish the case at bar from Sample v. State, 158 Tex. Cr.R. 200, 254 S.W.2d 401. We shall now do so. In Sample the accused was compelled to answer repeated questions about his prior marriages and divorces. An objection was interposed prior to any answer being given; the objection was overruled, and the court refused to instruct the jury

to disregard such matters. In the case at bar appellant's objection to the argument was sustained, and the jury was instructed not to consider the same. In Sample the jury was led to believe, by the court's ruling, that the questions and answers were proper and relevant to appellant's guilt. In the case at bar they were told the opposite.

These factors, in addition to those set forth in our original opinion, sufficiently distinguish the two cases.

Remaining convinced that we properly disposed of this appeal originally, appellant's motion for rehearing is overruled.