Ewardo **LOPEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45552.

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Rehearing Denied March 7, 1973.

Layne R. Turner, San Angelo, for appellant.

Royal Hart, Dist. Atty. and Aaron Goldberg, Asst. Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

· DOUGLAS, Judge.

This is an appeal from a conviction for the offense of burglary. The jury assessed punishment at seven years.

Initially, appellant attacks the sufficiency of the evidence. The record shows that around midnight on March 16, 1971, Officer Jerome Franke of the San Angelo Police Department observed an automobile fail to stop at a stop sign at the intersection of Avenue C and South Chadborne. As he followed the automobile on Hardeman Pass, he observed a large silver object being thrown from the left side of the vehicle at the intersection of Avenue B and Orient Street. He stopped the automobile at South Oakes and Hardeman Pass and called for assistance. Appellant was seated in the right front seat of the car. Upon the arrival of Officers Poss and McClellan, Officer Franke went back to Avenue B and Orient where he found a chrome pay telephone which was broken into some four pieces. On the ground near the main body of the telephone he found a circular plastic covered card with the number 655-8537. A check with the telephone company showed that this was the telephone number registered to the La Casa Bar at 607 South Chadborne. Officers searched the car in which they found over $14 in change in a sweater and a large screwdriver on the rear floorboard next to the back rest. Officer Franke proceeded to the address on Chadborne and upon his arrival there he observed that the lock had been pried off the front door, the various machines had been broken into and the back door was opened.

We hold that the facts as outlined above are sufficient to support the conviction. This ground of error is overruled.

Next, appellant complains of improper argument on the part of the prosecutor. He contends that the prosecutor attempted to bolster the testimony of one of the State's witnesses.

It appears from the record that Mrs. Otila Rodriquez, owner of the La Casa Bar, testified on direct examination that when called by the police about the burglary she called her bartender to go close the bar again. The testimony of several police officers, however, was that Mrs. Rodriquez herself came that night to close the bar again. After the noon recess, the prosecutor Royal Hart testified about his attempt to call Mrs. Rodriquez and ask her to come back to court that afternoon and discuss her testimony because he did not understand it.

After she returned, the district attorney put Mrs. Rodriquez back on the stand, and she testified that she and not the bartender had gone down after the burglary to reclose the bar. She testified that she got mixed up about whether she or her bartender had gone down to close the bar and explained that the bar had been broken into on three different occasions and that one time she sent her bartender to lock the place. The argument complained of is as follows:

"MR. HART: * * * If I get something from the witness and find out

they are thinking about another case it is my duty to try to get the business straightened out. It is not the District Attorn*eys* idea to leave the jury with any false impression about the case; whatever you have to to (sic) to straighten it out it (sic) necessary to do it. You can see the reason why.

"MR. TURNER: May we have a continuing objection?

"COURT: No, sir, no continuing—

"MR. TURNER: I again make a motion on the last two phrases, the District Attorney putting in his opinion why he did a certain act in the trial and it is improper.

"COURT: Overruled."

Appellant argues that not only was this an attempt to bolster the testimony of Mrs. Rodriquez but also to inform the jury as to which testimony was truthful.

The portion of the prosecutor's argument that is complained of is only a discussion of the testimony he had given. This is not a complaint concerning the admission of the testimony of Mr. Hart but about his argument. Counsel has a right in his argument to the jury to discuss the testimony and draw reasonable deductions therefrom. Moreno v. State, 163 Tex.Cr.R. 82, 293 S. W.2d 665. No error is shown.

■ In his third ground of error, appellant alleges that the court erred by admitting into evidence the screwdriver shown to have been found in the car in which the appellant was riding. He contends that the screwdriver was not properly identified nor was the chain of custody proven. The decision as to whether the offering party has made a sufficient showing of similarity of condition is one resting in the discretion of the trial court. 2 McCormick & Ray, Texas Evidence, Section 1458, 2nd Ed. 1956. The record shows that Officer Franke identified the screwdriver as one he received from Officer Poss the night of the offense. Officer Poss testified that while his initials were not on the screwdriver but on the tag which had become detached it was the same screwdriver he took from the car the night of the burglary. Appellant's objection goes to the weight of the evidence and not to its admissibility. Mays v. State, 165 Tex.Cr.R. 123, 304 S.W.2d 118. The fact that it was not shown that the screwdriver was to be in the exact condition as when initialed is of little or no consequence. No abuse of discretion or error has been shown; the third ground of error is overruled.

■ Finally, appellant alleges error in the trial court's admission into evidence of the statement by Mrs. Rodriquez that her business place had been broken into on three occasions. Apparently the main contest in the case as it developed was on the testimony of Mrs. Rodriquez as to who closed the place after it was burglarized. This testimony was admitted to explain mistaken testimony earlier in the day. This evidence did not connect or attempt to connect appellant with the separate offenses. The court instructed the jury not to consider the testimony for any other purpose. No reversible error was committed by its admission. Cf. Carmean v. State, 163 Tex.Cr.R. 218, 290 S.W.2d 240.

No reversible error being shown, the judgment is affirmed.