CHARLES TRENT ET AL. v. THE STATE.

*No. 492.   Decided November 5.*

**1. Burglary and Theft—Evidence in Identification of Property.**
The owner of the property stolen after a burglarious entry into his store house
having testified to his identification of the property after it was stolen, *held*,
that hearsay testimony of another witness to the effect that the owner identified
the property is harmless error.

**2. Accomplice Testimony—Charge of Court.**—It is proper, and the
duty of the court, to refuse instructions as to accomplice testimony, where the
evidence raises no such issue.

**3. Practice—Verdict, Change of—Reformatory—Penitentiary.**—
Two parties being jointly on trial for burglary, and the jury having returned a
verdict finding both guilty, and affixing the punishment at confinement in the
reformatory, they were informed that appellant could not be sent to the reform-
atory; whereupon they reconsidered their verdict and assessed the punishment
of both defendants in the penitentiary. *Held*, a new trial having been awarded
the other defendant, there is no ground for complaint.

**4. Evidence Sufficient.**—See evidence stated in the opinion which is held
amply sufficient to support a verdict and judgment for burglary.

APPEAL from the District Court of Dallas.   Tried below before Hon. R.
E. BURKE.

Appellant was jointly tried with John Hays and two other parties, on
an indictment charging them with burglary and theft.   Both he and Hays
were found guilty, and their punishment assessed at two years (each) in
the penitentiary.   A new trial was awarded the defendant Hays.   This is
the second appeal taken in this case.   See Hays et al. v. The State, 30
Texas Ct. App., 472.

The facts are sufficiently stated in the opinion of the court.

No brief on file for either party.

SIMKINS, JUDGE.—Defendant and three others were jointly indicted
for burglary and theft.   The defendant was placed on trial, and convicted
of burglary, and sentenced to two years in the penitentiary, from which
judgment he appeals.

1.  On June 2, 1891, the store of A. Lowenstein, in Dallas County, was
burglarized, and a quantity of clothing and other articles taken.   The
burglary was effected by breaking the front window with a rock, and tak-
ing out the goods through the opening.   On trial the defendant objected
to Officer Kerby stating that Lowenstein identified the property taken from
his store.   Conceding that idenification is hearsay, still defendant shows
no injury, for Lowenstein himself testified in person to the same fact.

2.  There is no force in the second bill of exceptions taken to the court's
refusal to charge the law applicable to accomplices' testimony.   The wit-

ness Spivey was in no sense an accomplice. There is no evidence of any fraudulent intent in his connection with the transaction.

3. The fourth bill of exceptions presents no reversible error. The jury found Trent and Hays guilty of burglary, and sentenced them to the reformatory; and when informed that defendant Trent could not be sent to the reformatory, they retired, and returned a verdict sending both to the penitentiary. A new trial was granted to defendant Hays, and overruled as to Trent.

4. As to the question of sufficiency of testimony, we think there is sufficient to sustain the verdict. Witness Spivey, a merchant, passed Lowenstein's, and saw the window broken in Lowenstein's store, and a vacant place from which goods were taken. In a short time after reaching his store, four negro boys, the defendant being one of them, came in with shirts, pants, and suspenders, which they offered for sale. He negotiated slowly, watching for an officer; but at length he bought the articles, and followed them up Main street, when he met an officer and described the boys to him, and they were arrested. Upon trial, the witness fully identified the defendant as being one of the four from whom he purchased the stolen articles. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.