ED. BAILEY v. THE STATE.

No. 1936.    Decided November 6, 1912.

**1.—Fornication—Charge of Court—Sufficiency of the Evidence—Corroboration—Accomplice.**

Where, upon trial of fornication, the defendant himself corroborated the prosecutrix on the question of having habitual carnal intercourse with her, and the main charge of the court substantially submitted defendant's requested charges; the court's charge on accomplice testimony, although technically sufficient, was not reversible error, in the light of the evidence, under article 743, Code Criminal Procedure; no injury having been shown.

**2.—Same—Character of Prosecutrix.**

Where defendant was prosecuted and convicted of fornication, the contention that prosecutrix was a prostitute, and that her reputation for virtue is bad, was no defense.

Appeal from the County Court of Hunt.    Tried below before the Hon. Geo. B. Hall.

Appeal from a conviction of fornication; penalty, a fine of $325.

The opinion states the case.

*J. G. Matthews,* for appellant.—On question of corroboration: Deary v. State, 137 S. W. Rep., 699.

On question of living together: Wallace v. State, 137 S. W. Rep., 551; Hilton v. State, 53 S. W. Rep., 113.

On question that prosecutrix was a prostitute: Wallace v. State, 137 S. W. Rep., 551.

On the question of habitual carnal intercourse: Wallace v. State, 63 Texas Crim. Rep., 611, 141 S. W. Rep., 95.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was convicted of fornication with Gertie Taylor by having habitual carnal intercourse with her on or about February 26, 1911, without their living together, both being unmarried, and fined $325.

The testimony conclusively showed that both were unmarried, and that they did not live together, but lived about one-half mile apart. Gertie Taylor, the prosecutrix, testified that appellant first had carnal intercourse with her one night in April, 1910, while he was taking her home from Dry Creek schoolhouse, and that he waited on her as his sweetheart during the years of 1910 and 1911. "After that he had intercourse with me very often; sometimes not more than once

a week and sometimes as often as three times a week. . . . These acts of intercourse continued up until a short time after I discovered I was pregnant. . . . I discovered in August that I was pregnant. He had intercourse with me whenever he wanted to. . . . Defendant came to see me constantly until I informed him that I was pregnant and very shortly after that he quit coming to see me. He never came any more." She further testified that she had a child which was in her lap while she was testifying and that defendant was its father.

Appellant on direct examination testified: "I live about one-half mile from Gertie Taylor. I have had sexual intercourse with her five or six times. My recollection that it was twice in 1910, and three times in 1911. The first time . . . was on the road home from Dry Creek schoolhouse."

On cross-examination he testified that he was before the grand jury when that body was investigating this case against him and that before them he testified: "I told them that I had had intercourse with Gertie Taylor five or six times. I don't recollect telling the grand jury that I had intercourse with her just whenever I wanted to. Yes, I guess I could have had intercourse with her any time I wanted to; I knew that it was there for me if I wanted it. I lived about one-half mile from her. My age is 26 years, healthy and able bodied. I went to see her until she told me she was pregnant. Yes, she told me she was in family way, and that it was my child, and soon after that I quit going with her."

Emmitt Shipp, the foreman of the grand jury, testified that when the grand jury investigated this case against defendant he was before it voluntarily and said he desired to make a statement; that he informed him that he might make a statement but that any statement that he might make would have to be voluntarily made on his part, and could be used as evidence against him on the trial and not for him. After being so warned "he stated that he knew Gertie Taylor; that he had had intercourse with her several times; that he knew that it was there for him whenever he wanted it; that he had had intercourse with her off and on for nearly two years and had intercourse with her just whenever he wanted to."

The only other testimony in the case was by Gent Watson who testified that he never had intercourse with Gertie Taylor; that he was in the kitchen one night monkeying with her, that is, hugging her, and hearing someone step upon the kitchen steps turned loose and went home; that he believed he could have had intercourse with her but never did; that nothing prevented him from going to see her and trying to get it, but he never went back any more and never waited on her prior to the time he hugged her and never had his hands on her, except that one time; that he was a relative of defendant.

The court charged the jury that they were the exclusive judges of the credibility of the witnesses and the weight to be given to their

testimony; that defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt "and in case you have a reasonable doubt as to the guilt of the defendant, you will acquit him." That fornication is habitual carnal intercourse of a man and woman with each other without living together, both being unmarried "and in order to convict the defendant in this case it is necessary for the State to prove beyond a reasonable doubt habitual carnal intercourse."

Then he charged that the witness Gertie Taylor was an accomplice and they could not convict the defendant on her evidence alone, but before they could convict him her evidence must be corroborated by other evidence tending to show the commission of the offense, if any, and the connection of the defendant with it. Then, "if you believe from the evidence, beyond a reasonable doubt, that the defendant, Ed. Bailey, did in Hunt County, Texas, on or about the 26th day of February, 1911, have habitual carnal intercourse with Gertie Taylor you will find him guilty. But unless you do so believe, you will acquit him."

The appellant requested four special charges which were refused. The fourth special charge is: "They (the jury) must not only believe the testimony of Miss Taylor, but they must find also that her testimony has been corroborated by other evidence tending to show the commission of the offense and the connection of the defendant with it and if you do not find that she was so corroborated, you will find the defendant not guilty."

By this charge No. 1 he requested the court to charge the jury: "In order to convict defendant it is necessary for the State to prove beyond a reasonable doubt habitual carnal intercourse and if you believe from the testimony that the defendant only had occasional acts of intercourse with her you will find him not guilty." And by his third charge he requested the court to charge the jury: "That although they might believe the testimony of Miss Taylor that the defendant is guilty, they will find him not guilty unless there is other evidence of habitual acts of carnal intercourse between defendant and Miss Taylor corroborating her."

By one of his bills he complains that the court erred in failing to charge the law of the case in properly submitting to the jury the law of accomplices in which he failed to instruct the jury that it was necessary for them to find the evidence of the accomplice, Gertie Taylor, true as well as that such accomplice was corroborated.

In our opinion the court's charge embodied substantially everything requested by appellant's said special charges, or complained of by him in his bills, and none of his complaints show reversible error. Besides this, the testimony of the appellant himself on the trial and his testimony before the grand jury, which was not contradicted by him, unquestionably shows that the testimony of the witness Gertie Taylor was true and so believed by the jury and that it was fully and com-

pletely corroborated. It will be noticed that appellant did not testify that he had only three acts of intercourse with said witness in 1911 but, taken altogether, it alone was sufficient to show that his acts of intercourse were habitual with her and especially with the grand juror's testimony quoted above which was not disputed by appellant. So that, even if the charge of the court may not in every particular have been strictly in accordance with the law, no injury whatever is shown to appellant. Code Criminal Procedure, article 743. From all the testimony no honest jury could have done otherwise than find the defendant guilty.

The court did not commit error in refusing to charge the jury at appellant's request that if the prosecutrix was a prostitute and was in the habit of having intercourse with other men and was indiscriminate, to find the defendant not guilty, and even if she did that, of which there is no evidence in the record, that would not be any defense to the charge against appellant herein. Neither did the court err in refusing to permit the appellant to prove that said witness' reputation was that of an unchaste woman; nor, did the court err in refusing to permit appellant to prove by White that he, White, had intercourse with said witness before the appellant did. The appellant violated the law by having habitual intercourse with said Miss Taylor even though she may have had intercourse with another before she did with him, and her reputation for virtue may have been bad.

The judgment is affirmed.

*Affirmed.*