CLYDE CHANDLER V. THE STATE.

No. 6254.    Decided May 11, 1921.

**Intoxicating Liquors—Possession—Purchaser—Accomplice.**

Where, upon trial of having in possession intoxicating liquors in violation of the law, the accomplice testimony was not sufficiently corroborated, the conviction could not be sustained.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of the unlawful possession of intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne, Miller & Miller,* and *Ross Huffmaster,* for appellant.—Cited Franklin v. State, 227 S. W. Rep., 486.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of possessing intoxicating liquor, not for medicinal, mechanical, scientific or sacramental purposes, and given a sentence of one year in the penitentiary.

At the close of the testimony appellant requested an instructed verdict of not guilty, and contended on his motion for new trial that the

evidence was insufficient. We have carefully examined the statement of facts. Two witnesses testified. Jim Peel, the first witness for the State testified as follows: "I bought whisky from Clyde Chandler on another occasion later on. I do not remember the date; it was somewhere along two weeks after the other. I bought it from Clyde Chandler, and gave him $30 for it. Yes, I drank some of it, and it was intoxicating. That was in Kaufman County, Texas." This is an exact reproduction of the entire evidence of this witness. Rev. Oliver was the other State witness. He said that he lived about sixty feet from Jim Peel; that about the 12th of 13th of September, 1920, a man drove up to Mr. Peel's front yard and got out and carried in a bucket: that he did not know what was in the bucket, and could not identify the man and would not know him now. This is the State's case. Jim Peel was an accomplice, having bought the whisky from appellant in violation of law. He does not state the day, week, month or year of such purchase. It is evident that the testimony of Rev. Oliver is not of sufficient cogency to make out a case in corroboration of the testimony of said accomplice.

For the refusal of the court to give the special charge requested, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*