# DECEMBER, 1922

ESTER WILKERSON v. THE STATE.

No. 7252.   Decided December 6, 1922.

**Manufacturing Intoxicating Liquor—Accomplice—Defendant as a Witness.**

Where the State's witnesses were accomplices, and the court failed to submit this issue to the jury, to which refusal a bill of exceptions was taken, but the record on appeal showed that appellant himself testified, admitting fully that he manufactured the alleged liquor, there was no reversible error under Article 743, C. C. P., and the conviction was sustained. Following Trent v. State, 31 Texas Crim. Rep., 251, and other cases.

Appeal from the District Court of Ellis. Tried below before the Honorable W. L. Harding.

Appeal from a conviction of unlawfully manufacturing intoxicating liquors; penalty, one and one-half years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Ellis County of the offense of manufacturing intoxicating liquor, and his punishment fixed at one and one-half years in the penitentiary.

The State introduced Gus Mitchell and Mary Mitchell who testified that appellant brought a still to their house and set it up and made whisky. On one occasion he made about five gallons and on another occasion he made two gallons. Each of said witnesses drank of the liquor and appellant seems to have given them a part of it. There is

other testimony in the record which would seem to indicate sufficient connection of said witnesses with the commission of the crime to have justified the court in submitting to the jury the question of their being accomplices. The court did not charge on the law of accomplice testimony. Appellant asked a special charge submitting this issue to the jury, which was refused, and a bill of exceptions was taken. We would uphold appellant's contention but for the further fact, apparent from the record, that appellant himself testified admitting fully that at the home of said Mitchells he made the liquor testified about by them. From appellant's testimony we quote:

"I found the still that was at Gus Mitchell's one day while I was in Chambers Creek bottom hunting. It was hid under some brush. After I went home I got my father's car and went down there, got the still, carried it up to my father's house and hid it. This was a short while before Christmas 1921. I got some corn chops there in Italy and took some sugar from my father's store and got a barrel that was setting in an alley back of Mr. Kauthen's store there in Italy and one night I took them all over to Gus Mitchell's house and put them in a little smoke house and locked them up. A few days before Christmas I went over there and put the still up in Mary Mitchell's kitchen one night and ran off about five gallons of corn whisky. I gave Mary and them about a half a gallon of it and took the balance of it over home, my father's and we all drank it up. That was my cousin, myself and the family. I never sold any of this whisky to any one and never tried to sell it to any one and didn't make it to sell. After that about the 15th or 16th of January I went over there and made two gallons more. I made that for myself, gave part of it to Mary Mitchell and her mother. I never made any of that to sell and didn't sell any of it. I carried it home in my father's automobile and left it in there and that night the law came and got the whisky and arrested me."

Article 743 of our Code of Criminal Procedure forbids the reversal of a case for errors in the charge unless such error was calculated to injure the rights of the defendant or same make it apparent that he has not had a fair and impartial trial. Where the accused takes the witness stand and himself admits the facts testified to by the accomplices and which constitute the offense, we do not believe he can complain of the failure of the court to submit the law of accomplice testimony. In Trent v. State, 31 Texas Crim. Rep. 251, this court said: "On trial the defendant objected to Officer Kirby stating that Lowenstein identified the property taken from his store. Conceding that identification is hearsay, still defendant shows no injury, for Lowenstein himself testified in person to the same fact." See also Bailey v. State, 68 Texas Crim. Rep., 119, 150 S. W. Rep. 915.

No reversible error appearing in the record, the judgment of the trial court will be affirmed.

*Affirmed.*