### JESS BOGAN v. THE STATE.

No. 12511.   Delivered April 24, 1929.
Rehearing denied January 8, 1930.
Reported in 22 S. W. (2d) 944.

The opinion states the case.

*L. D. Hartwell, T. W. Thompson,* and *Ben F. Lowrie,* all of Greenville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

Two school boys testified for the State. Appellant introduced no testimony combating or· contradicting that given by these two boys. The indictment charged possession for the purpose of sale of "Certain liquor capable of producing intoxication." This allegation was sufficiently descriptive of the liquor in question. The motion to

quash was properly overruled. Frickie v. State, 39 Texas Crim. Rep. 254; Piper v. State, 53 Texas Crim. Rep. 485; Tucker v. State, 94 Texas Crim. Rep. 505; Taylor v. State, 105 Texas Crim. Rep. 465. The Tucker case, supra, decided adversely to appellant the identical question here raised. It has been uniformly followed in many cases by this court.

There was no error in letting the witnesses swear that they bought from appellant, home brew. It was shown without dispute that said home brew was intoxicating liquor. This testimony raised no question of variance.

One of the boys to whom appellant sold intoxicating liquor, testified that when he got the liquor from appellant he took same to a vacant building and left it; that later he and two other boys went to the building, got the liquor and drank it. On cross-examination this witness admitted that when before the grand jury he first told them he "didn't buy it but found it." He said he liked appellant, who had been to see him and asked him not to tell about buying from him. He further testified that about twenty minutes after he had given the testimony above referred to he went back before the grand jury and told them he got the liquor from appellant. Appellant excepted to the court's charge for its failure to tell the jury that this witness was an accomplice, and a special charge to this effect was refused. The matter is not free from difficulty. It will be noted that this conviction was for the possession of intoxicating liquor. Nothing in the record sheds light on what was the testimony of said witness before the grand jury save his own admission that he told an untruth before them in reference to buying the liquor from appellant. He further says that in twenty minutes after he had made this false statement he went back to correct same and told the truth. The authorities hold that one who gives false testimony to enable a criminal to escape arrest or trial is an accessory, and if a witness, upon the trial of such person for the offense, escape from trial for which the false testimony was given, such witness would be in law an accomplice. Blakely v. State, 24 Texas Crim. App. 616; Howard v. State, 92 Texas Crim. Rep. 231; Mollie Turner v. State, No. 12295, opinion March 13, 1929, not yet reported.

However, in this case we do not think it becomes necessary to decide the question to which we have just reverted. The other school boy testified fully to facts, which show without contradiction that appellant possessed the liquor in question for the purpose of

sale. A charge to the jury that the first witness was an accomplice and that a conviction could not be had on his testimony, unless true and corroborated, etc., if improper, could not have affected the result of the trial. The refusal of such charge would be deemed entirely referable to the class of cases comprehended by Art. 666, C. C. P., which forbids reversal of cases for errors or omissions in the charge unless same appear from the record to be of a nature calculated to injure the rights of the accused. In Fisher v. State, 81 Texas Crim. Rep. 571, Judge Morrow says that the testimony of the witness who was claimed to be an accomplice was but cumulative of other testimony showing the accused a dealer in intoxicating liquor, and under the article of the statute last mentioned, reversal would not be authorized for refusal to tell the jury that such witness was an accomplice. In Chandler v. State, 89 Texas Crim. Rep. 310, reversed for refusal to charge that State witness was an accomplice, the same learned Judge in the opinion is careful to say "His testimony being essential to sustain the State's case, the error requires reversal." See also Chandler v. State, 89 Texas Crim. Rep. 311; Wilkerson v. State, 93 Texas Crim. Rep. 50; Bailey v. State, 150 S. W. Rep. 915; Bailey v. State, 155 S. W. Rep. 536. Carl White was with Kelly and testified that appellant sold Kelly certain bottles of intoxicating liquor, and that Kelly was sober before he drank the liquor, and after drinking same he became drunk. This witness testified also to the effect upon himself of that part of the liquor which he drank. White was not an accomplice. Kelly's testimony would but have been cumulative of that of White. The refusal of the charge could not have been harmful to appellant who was given the lowest penalty by the jury. Even if the charge on accomplice testimony should have been given, we do not believe the case should be reversed for this error.

Finding no reversible error in the case, the judgment will be affirmed.

*Affirmed.*

HAWKINS, J., absent.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—But two witnesses testified, namely, Kelly and White. Appellant insists that Kelly's conduct in endeavoring to suppress his knowledge before the grand jury and his connection with the transaction characterizes him as an accomplice witness or at least presented an issue of fact requiring the

court to instruct the jury to determine whether Kelly was an accomplice witness or not, and to instruct them that if an accomplice, his uncorroborated testimony would not support the conviction. Kelly testified that he purchased five bottles of fluid from Jess Bogan; that after he, White and another companion had drunk the contents of four of the bottles, he and White got from Bogan another bottle of the same kind of liquid at the same place from which the other came.

Carl White testified that after getting and drinking the contents of three bottles of fluid, he and Kelly "bought another, and I paid fifteen cents on it and he paid a dime, and we drank it in the car shed. I was with him when he got the last bottle I mentioned at the car shed. He got it from Mr. Bogan, this defendant here. I went with Jess Bogan and Beaty Kelly out there when they got it. We went to the car shed—a little shed out there. Beaty Kelly handed—to Jess Bogan. I drank out of that last bottle out there we got from Jess Bogan. We drank it in the car shed.

On cross-examination the witness said:

"We got the last bottle from Mr. Bogan. I saw Mr. Bogan that time. He was in the car shed. We just got one bottle that time. The three bottles we drank at first came out of the vacant building. We went back and sat around for about five minutes I guess. We went back to the hamburger stand; then went back to the same building and got one bottle, and Kelly and I drank it together. Then we waited about ten minutes and I and Kelly and Jess Bogan went out to that shed and got the last bottle. I was present when Kelly gave Jess Bogan twenty-five cents for the last bottle and we drank it there at the shed where we bought it."

The evidence showed that the liquor was intoxicating. Appellant introduced no witnesses. The foregoing is from the State's witnesses upon their direct and cross-examinations.

The conclusion reached upon the original hearing is to the effect that if it be conceded that Kelly's conduct was such as presented a question of fact as to whether he was an accomplice witness, the failure to give a charge on the subject was not reversible error for the reason that the testimony of White showed without controversy that one bottle of intoxicating liquor was purchased directly from Bogan in the presence of White, he being one of the purchasers in connection with Kelly, and that circumstantially White's testimony connected Bogan with the possession and sale of the other bottles

of liquor which White testified were drunk by him, Kelly and another companion. In other words, White being a disinterested and unimpeached witness, testified to facts which, if true, showed conclusively that the appellant was in possession of intoxicating liquor for the purpose of sale, and in the absence of any controverting evidence no basis appeared upon which the jury could reach any conclusion other than that which pointed to the guilt of the accused of the possession of intoxicating liquor for the purpose of sale, of which offense the jury found him guilty.

The statute precludes the conviction of one accused of crime upon the uncorroborated testimony of an accomplice, and in a proper case an instruction to the jury to that effect is necessary. See Vernon's Ann. Tex. C. C. P., 1925, Art. 718, Vol. 2, p. 773; note 20, p. 795, and note 29 under Art. 658, p. 167 of the same volume. Under Art. 666, C. C. P., which forbids the reversal of a case for a harmless error in the charge, it has been held that it was not necessary in every instance in which an accomplice witness testified to instruct the jury upon the subject. In other words, the failure to do so is not in all cases reversible error. See Fisher v. State, 81 Tex. Cr. R. 568; Wilkerson v. State, 93 Tex. Cr. R. 51; also Trent v. State, 31 Tex. Cr. R. 251. The evidence in the present instance is regarded as bringing the case within the exception to the rule requiring a charge on accomplice testimony.

The motion for rehearing is overruled.

*Overruled.*