ACCEPTED
01-15-00102-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/9/2015 10:28:24 AM
CHRISTOPHER PRINE
CLERK

No 01-15-00102-CR

IN THE

COURT OF APPEALS

FIRST JUDICIAL DISTRICT

HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/9/2015 10:28:24 AM

CHRISTOPHER A. PRINE
Clerk

---

BRODRICK MICHAEL JAMES,

Appellant

V.

STATE OF TEXAS,

Appellee

---

ON APPEAL IN CAUSE NO. 74207

149TH JUDICIAL DISTRICT COURT, BRAZORIA COUNTY, TEXAS

HONORABLE TERRI HOLDER, JUDGE PRESIDING

---

**BRIEF FOR THE APPELLANT**

---

KEITH G. ALLEN
Law Offices of Keith G. Allen, PLLC
2360 CR 94, Suite 106
Pearland, TX  77584
Telephone: 832-230-0075
Fax: 832-413-5896
Keith@KGAllenLaw.com
Bar No. 01043550

ATTORNEY FOR APPELLANT            Oral Argument Is Requested
DATE:  July 9, 2015

No 01-15-00102-CR

IN THE

| | | |
|---|---|---|
| 149TH DISTRICT COURT | § | COURT OF APPEALS |
| OF | § | FIRST DISTRICT |
| BRAZORIA COUNTY, TEXAS | § | HOUSTON, TEXAS |

BRODRICK MICHAEL JAMES,
Appellant

V.

STATE OF TEXAS,
Appellee

---

**BRIEF FOR THE APPELLANT**

---

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

BRODRICK MICHAEL JAMES, the defendant in Cause No. 74207 in the 149TH Judicial District Court of Brazoria County, Texas, respectfully submits this brief and respectfully shows the court the following:

# SUBJECT INDEX

Parties to the Case ………………………..……………………………… 5

Index of Authorities ……………………..……………………………… 6

Statement of the Case ………………….…………………..…………………… 8

Statement of Facts …………………………..…………………………… 8

Summary of the Argument …………………………..…………………….. 14

Appellant's Point of Error One ………………..……………………….… 14

*The trial court committed error by limiting the Appellant's right to appeal to the punishment phase of the trial.*

Argument ....................................................................................... 15

Appellant's Point of Error Two ………………..……………………… 16

*The trial court committed error by denying Appellant his right to counsel of his choosing at trial.*

Argument ....................................................................................... 17

Appellant's Point of Error Three ………………..…………………… 18

*The trial court committed error by failing to sustain Appellant's objection to the admission of an audio recording and by considering the audio recording as evidence against the Appellant at the punishment phase of the trial.*

Argument ....................................................................................... 18

Appellant's Point of Error Four ………………..…………………..………… 24

*Appellant did not receive effective assistance of counsel at trial.*

Argument ........................................................................................... 24

Conclusion ........................................................................................ 26

Prayer …………………………………………..…………………………...… 27

Certificate of Compliance …………………………..…………………………… 27

Certificate of Service …………………………………..…………………………... 27

# PARTIES TO THE CASE

APPELLANT:    BRODRICK MICHAEL JAMES

Attorney for Appellant at Trial:
    Name:        Faye Gordon
    Address:    201 E. Myrtle #106
               Angleton, TX 77515
               Telephone: 979-849-3330
               Email: Faye@FayeGordonLaw.com

Attorney for Appellant on Appeal:
    Name:        Keith G. Allen
    Address:    2360 CR 94, Suite 106
               Pearland, TX  77584
               Telephone: 832-230-0075
               Fax: 832-413-5896
               Email: Keith@KGAllenLaw.com

APPELLEE:    STATE OF TEXAS

Attorney for the State at Trial:
    Name:        Brian Hrach and Rick Martin,
               Assistant Criminal District Attorneys
    Address:    Brazoria County Courthouse
               111 E. Locust, Room 408A
               Angleton, TX 77515
               Telephone: 979-864-1230
               Fax: 979-864-1525

Attorney for the State on Appeal:
    Name:        Jeri Yenne, Brazoria County Criminal District Attorney
    Address:    Brazoria County Courthouse
               111 E. Locust, Room 408A
               Angleton, TX 77515
               Telephone: 979-864-1230
               Fax: 979-864-1525

## INDEX OF AUTHORITIES

**<u>Cases</u>**

*Angleton v. State*, 971 S.W.2d 65 (Tex.Crim.App. 1998) ……...…..…….…… 20, 21

*Banargent v. State*, 228 S.W.3d 393

       (Tex.App-Houston[14thDist.]2007, *pet. ref'd*.) …………...…..…….…….. 21

*Billings v. Atkinson*, 489 S.W.2d 858 (Tex.S.Ct. 1973) …………………………... 22

*Blanco v. State,* 18 S.W.3d 218 (Tex.Crim.App. 2000) ……..……………..…. 16

*Cuyler v. Sullivan*, 446 U.S. 335 (1980) ………………..……..…….…….…….. 25

*Ex parte Broadway*, 301 S.W.3d 694 (Tex.Crim.App 2009) ……….…..……. 16

*Ex parte Delaney,* 207 S.W.3d 794 (Tex.Crim.App. 2006) ……..……....……… 16

*Ex parte Felton*, 815 S.W.2d 733 (Tex.Crim.App. 1991) ……….…….…..… 25

*Gonzales v. State*, 117 S.W.3d 831 (Tex.Crim.App. 2003) ……….....……..…..... 17

*Guzman v. State,* 955 S.W.2d 85 (Tex.Crim.App. 1997) ……….…….....……... 20

*Hernandez v. State*, 726 S.W. 2d 53 (Tex.Crim.App. 1986) ……….…....…….. 26

*Hines v. State*, 383 S.W.3d 615 (Tex.App.-San Antonio 2012, *pet ref'd*.) ..…… 21

*Jones v. State*, 926 S.W.2d 386 (Tex.App.-Fort Worth 1996, *pet. ref'd*.) ….....… 18

*Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507 (1967) ……….…….……… 23

*McMann v. Richardson*, 397 U.S. 759 (1970) ………….…….……..………… 25

*Monreal v. State,* 99 S.W.3d 615 (Tex.Crim.App. 2003) …………….…....……. 16

*Powell v. Alabama*, 287 U.S. 45 (1932) ……………………..…..……..……… 24

*Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421 (1978) …………..…..………… 23

*Richardson v. State,* 865 S.W.2d 944 (Tex.Crim.App. 1993) ……..………….. 22

*Robinson v. State*, 16 S.W.3d 808 (Tex.Crim.App. 2000) ………..………..… 25

*Sims v. State*, 326 S.W.3d 707 (Tex.App.-Texarkana 2010, *pet. struck*) ……… 16

*Smith v. Maryland,* 442 U.S. 735, 99 S.Ct. 2577 (1979) ……………….....….. 23

*Strickland v. Washington*, 466 U.S. 668 (1984) ……………………………..… 25

*United States v. Gonzalez-Lopez,* 548 U.S. 140, 126 S.Ct 2557 (2006) ……….. 17

*Villarreal v. State,* 935 S.W.2d 134 (Tex.Crim.App. 1996) …..……….……… 23

*Weatherred v. State,* 15 S.W.3d 540 (Tex.Crim.App. 2000) …………..……… 20

## Constitutions

U.S. Const. Amend. IV ……………………………………….……………………… 22

U.S Const. Amends. VI and XIV ………………………………..…..…………… 24

Tex. Const. art. I, sec 10 …………………………………………………………… 23

## Statutes and Rules

Tex. Code Crim. Proc. art. 1.14 …………………..…..………………………….. 15

Tex. Code Crim. Proc. art. 18.02 …………………..…..………………………….. 22

Tex. Code Crim. Proc. art. 44.02 …………..…….…..…………………………… 15

Tex. Penal Code sec. 16.02 …………………………………………………… 22

Tex. R. Evid. 901 …………………………….…………………………….. 20

## STATEMENT OF THE CASE

On September 4, 2014, Appellant was indicted on three different charges of Delivery of a Controlled Substance – Enhanced. The three charges were alleged to have occurred on May 29, 2014 (Cause #74207 CR1 at 5), May 15, 2014 (Cause #74208 CR1 at 5) and May 8, 2014 (Cause #74209 CR1 at 5). On January 26, 2015, Appellant pled "guilty" in all three cases and pled "true" to the enhancement paragraph in each case. (RR3 at 9 & 12). A punishment hearing then took place before the trial court on January 28, 2015. (RR4 at 1). After considering the evidence, the trial court sentenced Appellant to 45 years TDCJ-ID in each case. (RR4 at 138). Notice of Appeal was then filed in each case the same day. (See Cause #74207 CR1 at 26, Cause #74208 CR1 at 24, and Cause #74209 CR1 at 24).

## STATEMENT OF FACTS

On January 26, 2015, Appellant was called to trial in cause #74207, 74208, and 74209. (RR3 at 4). At that time, Appellant informed the trial court that he wished to retain counsel to represent him. (RR3 at 6). Previously, Appellant was appointed counsel to represent him at trial. (RR3 at 6-7). Appellant informed the court as follows:

"I've been in jail for going on six months, ma'am, and my family, you

know, they really don't have too much money but just recently they --

they got a substantial amount of money to where they can be able to

8

hire me an attorney, Charles Adams. They're talking to him today. They're having a confrontation[sic] with him today and I know for sure that they're going to hire him and I just ask can I have a little bit of time to where I get me a hired attorney on my case. I don't feel comfortable going to trial with the court-appointed lawyer." (RR3 at 6-7).

After hearing Appellant's request, the trial denied the request, informed him that jury selection was at 1:00, and remanded him back to Sheriff until that time. (RR3 at 7).

Later that same day, when the trial court reconvened, Appellant pled guilty in each case. (RR3 at 9). The state then agreed to waive its right to a jury trial regarding punishment in exchange for Appellant's waiver of his right to a Presentence Investigation Report. (RR3 at 10). Appellant also plead true the enhancement paragraph in each case. (RR3 at 12). The range of punishment in each case was not less than 15 years nor more than 99 years or life, and a fine of up to $10,000. (RR3 at 14). The trial court also admonished Appellant of his rights and he signed a written waiver. (RR3 at 13-14).

On January 28, 2015, a punishment hearing was held before the trial court. (RR4 at 1). At punishment, the state first called Gregory Mitchell, a Patrol Sergeant with Angleton Police Department. (RR4 at 7). Sergeant Mitchell testified

that on April 13, 2008, he responded to a robbery at the Time Out Food Store in Angleton. (RR4 at 8-9). He located the Appellant one block from the store, but the Appellant ran from him. (RR4 at 10-11). Sergeant Mitchell testified that he later located the Appellant hiding in his grandparent's attic and arrested him, but the Appellant broke free and ran while being taken to the patrol car. (RR4 at 12). Appellant was found about a week later in Houston. (RR4 at 12). On December 15, 2008, Appellant pled guilty to the offense of Aggravated Robbery and was sentenced to 5 years TDCJ-ID. (RR5 at 22).

The state's next witness was Kirk Coleman, a former investigator with the Angleton Police Department. (RR4 at 15). He testified that Appellant used a stolen rifle during the aggravated robbery and that the victim in that case had been injured. (RR4 at 15-18).

The state's third and final witness was Brazoria County Sheriff's Office Narcotics Investigator, Marcos Salinas. (RR4 at 20). He testified that, while working undercover, he purchased methamphetamine from the Appellant on May 8th, May 15th, and May 29th, 2014. (RR4 at 21-32). Telephone recordings and crime laboratory reports concerning each case along with two video recordings were admitted into evidence. (RR4 at 23-33).

Salinas also testified that he had purchased what he believed to be methamphetamine from the Appellant on June 8th in Houston, but the substance

tested negative for a controlled substance. (RR4 at 35-37). He also testified that he met with the Appellant on July 18th to discuss selling cocaine to the Appellant. (RR4 at 38). According to Salinas, the Appelant agreed to buy two kilograms of cocaine for $26,000.00 each. (RR4 at 41). Salinas testified that he later spoke to the Appellant by phone to confirm the deal. (RR4 at 42). Shortly thereafter, while Salinas still had has recorder going, Appellant accidentally called Salina. (RR4 at 42). Salina referred to this call as a "butt dial." (RR4 at 42). Apparently, after the first conversation, the Appellant accidentally called Salinas' phone, not intending to speak with Salinas. (RR4 at 42). Salinas testified, at the time of the accidental call, he "really couldn't hear much." (RR4 at 43). However, after he listened to the audio recording, he could hear that the Appellant was speaking with an unidentified woman. (RR4 at 43). Salinas said that the Appellant could be heard talking to the female about killing them and stealing the cocaine. (RR4 at 44). Salinas stated that the decision was then made to stop all transactions with the Appellant and to arrest him. (RR4 at 44). State's Exhibit 9, which contained the audio recording of the Appellant's conversation with the unidentified female, was then admitted into evidence and played before the trial court over defense counsel's objection. (RR4 at 45-47). After Salinas finished testifying about the recording, the state rested. (RR4 at 48).

The defense's first witness was Appellant's father, Rodney James. (RR4 at

11

56). He testified that Appellant's mother died when Appellant was 16 and that the Appellant had previous been incarcerated as a juvenile in TYC and in TDC for Aggravated Robbery as an adult. (RR4 at 57-60). According to his father, after the Appellant was released from TDC, he was a terrific kid. (RR4 at 60). He got a job and helped take care of his grandmother. (RR4 at 60-61). He also expressed to the trial court that Appellant was remorseful and had a high potential of being a productive citizen. (RR4 at 63-64).

The next witness for the defense was the Appellant's aunt, Angeline White. (RR4 at 71). She also testified that the Appellant had a very good possibility of being a productive person. (RR4 at 76).

The third witness for the defense was Booker Randon, a pastor at Galilee Missionary Baptist Church. (RR4 at 81). Appellant had been a member of his church. (RR4 at 81). He believed that the Appellant wanted to do what was right. (RR4 at 84). The pastor had started a program called Men of Purpose to mentor young men that were going in the wrong direction. (RR4 at 83). He believed that he could make a difference in Appellant's life and asked the court to consider less time for the Appellant to give them the opportunity to be a part of his life. (RR4 at 86).

The last person to testify was the Appellant. (RR4 at 88). Before being arrested, he lived back and forth between his father's house and his grandmother's

house. (RR4 at 88). He helped take care of his grandmother. (RR4 at 89). He told the court that he went into a depression after he injured his foot and could no longer work and turned to the drug trade to provide for his family when he could not get other work. (RR4 at 89-91). He also informed the court that he hosted a prayer circle in his tank at the detention center. (RR4 at 95). He also apologized to his family, indicated he now has empathy for others, realizes he should have done things differently, has turned to the bible for guidance, and asked for forgiveness. (RR4 at 96-99& 130).

Under cross-examination, Appellant denied stealing the rifle used in the previous aggravated robbery, hitting the clerk with the rifle, or that the rifle was loaded. (RR4 at 100-103). He did admit to hitting the clerk with his hand, stealing about $1,000.00, running from the police, hiding in the attic, being arrested, and running again. (RR4 at 103-104). While in prison, he also admitted to getting into altercations with other inmates and with law enforcement. (RR4 at 109).

Appellant admitted to buying 7 grams of methamphetamine from his suppler, JW, on two different occasions, diluting it with MSM, and selling it to the undercover officer. (RR4 at 113-119). The last ounce that he sold to Salinas in Harris County was all MSM. (RR4 at 120). Appellant also admitted to negotiating to buy two kilograms of cocaine, but not having to money to pay for it. (RR4 at 120-121). However, he was unable to recall any conversation between him and an

unknown female previously testified to by Salinas. (RR4 at 123-128). He also denied having a gun during any of the transactions with Salinas. (RR4 at 128).

The trial court then sentenced the Appellant to 45 years in each case and informed him that his right to appeal would be limited to the punishment stage of the trial since he had pled guilty. (RR4 at 138).

## SUMMARY OF THE ARGUMENT

The trial court improperly limited Appellant's right to appeal to the punishment phase of the trial. Even though Appellant pled guilty, his plea was not part of a plea bargain agreement and the state did not offer any consideration for any possible waiver of Appellant's right to appeal. The trial court also denied Appellant the ability to hire counsel of his choosing and forced Appellant to proceed to trial with court appointed counsel. In addition, the trial court improperly admitted and considered as evidence against the Appellant a recording of a private conversation between the Appellant and another person that was intercepted and recorded by law enforcement using a cell phone. Finally, if trial counsel failed to preserve that issue for appeal by failing to make a proper objection to the recording at trial, the Appellant did not receive effective assistance of counsel.

## APPELLANT'S POINT OF ERROR ONE

***The trial court committed error by limiting Appellant's right to appeal to the punishment phase of the trial.***

## ARGUMENT

The trial court's certification of defendant's right to appeal states that Appellant's case "is not a plea-bargain case and the defendant has the right of appeal punishment phase of trial." The preprinted form states that this "is not a plea bargain case and the defendant has the right to appeal." However, the trial court attempted to limited Appellant's right to appeal by hand writing in that Appellant's right to appeal only applies to the "punishment stage of trial." (See #74207 CR1 at 27, #74208 CR1 at 28, and #74209 CR1 at 27). The trial court also verbally admonished the Appellant that his right to appeal would be limited to the punishment phase of trial, since he had pled guilty. (RR4 at 138). Appellant's written admonitions also contain the following statement: "Where your plea of guilty or nolo contendere is voluntarily and understandingly entered without a plea bargain agreement, the plea waives or forfeits the right to appeal a claim of error pertaining to guilty only when the judgment of guilt was rendered independent of, and is not supported by, the error claimed. (See #74207 CR1 at 22, #74208 CR1 at 20, and #74209 CR1 at 20).

It is well settled that a defendant in any criminal action has the right of appeal. Tex. Code Crim. Proc. art 44.02. A defendant in a criminal action may also waive any rights secured him by law. Tex. Code Crim. Proc. art. 1.14. In addition, a waiver of the right to appeal that is made voluntarily, knowingly, and intelligently

15

will prevent a defendant from appealing without the consent of the trial court. *Monreal v. State,* 99 S.W.3d 615, 617 (Tex.Crim.App. 2003). However, when a defendant waives his right to appeal before he knows what his punishment would be, the waiver is ineffective. *Sims v. State*, 326 S.W.3d 707, 710 (Tex.App.-Texarkana 2010, *pet. struck*), *See Ex parte Delaney,* 207 S.W.3d 794, 797 (Tex.Crim.App. 2006); *Blanco v. State,* 18 S.W.3d 218, 219–20 (Tex.Crim.App. 2000). The only way a defendant can knowingly and intelligently waive his right to appeal as part of a plea, when sentencing is not agreed upon, is where some consideration is given by the state for that waiver. *Ex Parte Broadway*, 301 S.W.3d 694, 699 (Tex.Crim.App 2009).

In this case, the state offered nothing in exchange for the defendant's plea of guilty. Therefore, the defendant did not voluntarily, knowingly, or intelligently waive his right to appeal and the trial court committed error by attempting to limit Appellant's right to appeal to the punishment phase of the trial. Therefore, Appellant's appeal should be fully before the appellate court and the court should not limit the scope of the appeal as suggested by the trial court's addendum to the certification. See *Sims v. State*, 326 S.W.3d 707, 711 (Tex.App.-Texarkana 2010).

## APPELLANT'S POINT OF ERROR TWO

*The trial court committed error by denying Appellant his right to counsel of his choosing.*

## **ARGUMENT**

The right to select counsel of one's choosing is considered the core meaning of the Sixth Amendment's guarantee of right to counsel. *See United States v. Gonzalez-Lopez,* 548 U.S. 140, 126 S.Ct 2557, 2563 (2006). A trial court's erroneous deprivation of this right is structural error, not subject to harmless-error analysis and requires automatic reversal on appeal. *Id.* at 2564-66. Both Federal and Texas Constitutions, as well as Texas statute, guarantee a defendant in a criminal proceeding the right to have assistance of counsel. *Gonzales v. State*, 117 S.W.3d 831, 836 (Tex.Crim.App. 2003). The right to assistance of counsel also contemplates the defendant's right to obtain assistance from counsel of the defendant's choosing. *Id*. at 836-87. However, the defendant's right to counsel of choice is not absolute. *Id*. at 837. A defendant does not have a right to an advocate who is not a member of the bar, an attorney he cannot afford, attorney who declines to represent him, or an attorney who has a relationship with an opposing party. *Id*. Additionally, while there is a strong presumption in favor of a defendant's right to retain counsel of his choosing, the presumption may be overridden by other important considerations relating to the integrity of the judicial process and the fair and orderly administration of justice. *Id*. However, when a trial court unreasonably or arbitrarily interferes with the defendant's right to choose counsel, its actions rise to the level of a constitutional violation. *Id*. Therefore, while a defendant in a

17

criminal case may not switch counsel at the last minute or do anything to manipulate or delay the trial through his choice of counsel, he otherwise has an absolute right to choose his own attorney. *Jones v. State*, 926 S.W.2d 386, 390 (Tex.App.-Fort Worth 1996, *pet. ref'd*.)

In this case, the Appellant did not attempt to manipulate or unreasonably delay the trial proceedings by requesting time to hire counsel of his choosing. There is nothing in the record to suggest that this was anything other than Appellant's first trial setting. The Appellant informed the trial court that his family had recently acquired a substantial amount of money that would enable him to hire counsel of his choosing instead of relying upon court appointed counsel to represent him. His family was to meet with the attorney "today" and that he did not feel comfortable going to trial with his present attorney. He only asked the trial court for "little bit of time" to hire an attorney. However, his request was unreasonably and arbitrarily denied by the trial court, thereby denying Appellant of his right to counsel of his choosing.

## APPELLANT'S POINT OF ERROR THREE

*The trial court committed error by failing to sustain Appellant's objection to the admission of an audio recording and by considering the audio recording as evidence against the Appellant at the punishment phase of the trial.*

## ARGUMENT

At trial, Salinas was allowed to testify about the contents of a conversation between the Appellant and an unknown female that was electronically intercepted and recorded using a cellular phone and a recording device. (RR4 at 42-47). At the time of the call, Salinas attempted to eavesdrop on Appellant's private conversation, but he was unable to hear the contents of the conversation until he played back the audio recording. (RR4 at 43). It is clear from the record that the Appellant never intended to call Salinas and that the contents of his conversation with the unknown female were intended to be private. (RR4 at 42-43). Apparently, Appellant accidently called Salinas' phone not intending to speak with Salinas. (RR4 at 42). Salinas then recorded a conversation between Appellant and an unknown female. (RR4 at 42). Salinas testified before the trial court that Appellant could be overheard on the recording talking to the female about killing them and stealing the cocaine. (RR4 at 44).

At trial, defense counsel objected to State's Exhibit 9, a recording of the conversation, by stating: "We would object to State's Exhibit No. 9. One, on predicate, that he has no personal knowledge. This was, by his own admission, an accidental phone call that was intercepted, similar to someone eavesdropping on a private conversation; and under 403 we would also state that the probative value -- or the value is more probative than the prejudicial effect." (RR4 at 45).

An appellate court's review of a trial court's admission of evidence is for

19

abuse of discretion. *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App. 2000), *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997).

Texas Rule of Evidence 901 governs the admission of electronic recordings. See *Angleton v. State*, 971 S.W.2d 65 (Tex.Crim.App. 1998). Rule 901 provides in part:

(a) In General. To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

(b) Examples. The following are examples only--not a complete list-- of evidence that satisfies the requirement:

(1) *Testimony of a Witness with Knowledge*. Testimony that an item is what it is claimed to be….

(4) *Distinctive Characteristics and the Like*. The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances…..

(5) *Opinion About a Voice*. An opinion identifying a person's voice-- whether heard firsthand or through mechanical or electronic transmission or recording--based on hearing the voice at any time under circumstances that connect it with the alleged speaker……

(6) *Evidence About a Telephone Conversation*. For a telephone conversation, evidence that a call was made to the number assigned at the time to:

(A) a particular person, if circumstances, including self-identification, show that the person answering was the one called; or

 (B) a particular business, if the call was made to a business and the call related to business reasonably transacted over the telephone.

Under Rule 901, "a witness is no longer required to be the maker of the recording or have otherwise participated in the conversation in order for his testimony that the recording is what it is claimed to be to sufficiently authenticate it." *Hines v. State*, 383 S.W.3d 615, 625 (Tex.App.-San Antonio 2012, *pet ref'd.*), citing *Angleton v. State,* 971 S.W.2d 65, 69 (Tex.Crim.App.1998). It is also not necessary for a witness to identify both voices to establish that a digital recording is what the state claimed it to be. *Banargent v. State*, 228 S.W.3d 393, 410 (Tex.App- Houston [14th Dist.] 2007, *pet. ref'd.*) Therefore, defense counsel's objections as to predicate and no personal knowledge appear to be without merit.

However, defense counsel also objected that this was an intercepted phone call and amounted to eavesdropping on Appellant's private conversation. Eavesdropping, which is defined as the listing under walls, windows or eaves of houses to uncover slanderous tales, was an indictable offense at common law and

21

wiretapping is nothing more than eavesdropping by telephone. *Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex.S.Ct. 1973). Texas Penal Code section 16.02 provides in part that:

> (b) A person commits an offense if the person:
>
> (1) intentionally intercepts … a wire, oral, or electronic communication; …
>
> (4) knowingly or intentionally effects a covert entry for the purpose of intercepting wire, oral, or electronic communications without court order or authorization; or …
>
> (5) intentionally uses … any electronic, mechanical, or other device to intercept any oral communication when the device:
>
> (A) is affixed to, or otherwise transmits a signal through a wire, cable, or other connection used in wire communications; …

In addition, Texas Code of Criminal Procedure article 18.02 provides that the contents of any recording obtained in violation of Texas Penal Code, section 16.02, may not be received into evidence in any trial.

Appellant further asserts that the audio recording of Appellant's private conversation was obtained in violation of his rights under the Fourth Amendment. U.S. Const. amend. IV. The Fourth Amendment serves to safeguard an individual's privacy from unreasonable governmental intrusions. *Richardson v. State,* 865

S.W.2d 944, 948 (Tex.Crim.App.1993). A defendant may challenge the admission of evidence obtained by governmental intrusion only if he had a legitimate expectation of privacy in the place invaded. *Rakas v. Illinois,* 439 U.S. 128, 143, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). To determine whether a person had a reasonable expectation of privacy, it must be determined whether the person exhibited a subjective expectation of privacy and whether that subjective expectation is one that society is prepared to recognize as reasonable. *Smith v. Maryland,* 442 U.S. 735, 740, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979). A two-pronged test is used to determine if a person had a reasonable expectation of privacy: (1) whether the person's conduct exhibited a subjective expectation of privacy, and (2) whether the person's subjective expectation of privacy is one that society is willing to recognize as reasonable. *Smith v. Maryland,* 442 U.S. 735, 740, 99 S.Ct. 2577 (1979) (citing *Katz v. United States,* 389 U.S. 347, 361, 88 S.Ct. 507 (1967); *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex.Crim.App.1996).

In this case, Appellant had a reasonable expectation of privacy in a private conversation with another individual without governmental eavesdropping and recording of that conversation in violation of the Fourth Amendment. In addition, the contents of the conversation were transmitted over a cellular telephone signal and intercepted and recorded by law enforcement in violation of Texas Penal Code section 16.02 and should not have been allowed into evidence pursuant to Texas

Code of Criminal Procedure article 18.02. Therefore, under the circumstances of this case, the trial court abused its discretion by admitting the audio recording over Appellant's objection.

Additionally, the error in this case cannot be considered harmless. The contents of the recording were extremely harmful and prejudicial to the Appellant. Not only did Salinas testify to the content of the recording, the recording was also played for the trial court and the state emphasized the importance of the recording it its closing argument. (See RR4 at 44, 47 & 133). The trial court also listened to the recordings again and considered them when make its ruling. (See RR4 at 135). It is easy to conclude that, but for the admission of the intercepted conversation, Appellant's sentence would have been considerably less.

## APPELLANT'S POINT OF ERROR FOUR

*Appellant did not receive effective assistance of counsel at trial.*

## ARGUMENT

If the Court overrules Appellant's third point of error because defense counsel failed to properly object at trial and preserve the error for appeal, then Appellant did not receive effective assistance of counsel at trial.

A defendant in a criminal trial has the right to effective assistance of counsel. U.S Const. Amends. VI and XIV; Tex. Const. art. I, sec 10; *Powell v. Alabama*, 287 U.S. 45, 66 (1932). Trial counsel must act within the range of

24

competence demanded of attorneys in criminal cases. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The same standards apply in evaluating the representation of retained and appointed counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). The effectiveness of counsel is ordinarily gauged by the totality of the representation, but even a single error can constitute ineffective assistance of counsel. *Ex parte Felton*, 815 S.W.2d 733, 736 (Tex.Crim.App. 1991). In addition, a defendant in a criminal trial does not need to object at trial to counsel's ineffective representation to preserve the issue for appeal. *Robinson v. State*, 16 S.W.3d 808, 813 (Tex.Crim.App. 2000).

In order to have a conviction reversed on appeal, an appellant must show that trial counsel's performance was deficient and that the deficient performance resulted in prejudice to the defendant by depriving him of a fair trial with reliable results. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The appellate court must judge trial counsel's conduct based upon the particular facts of each case. *Id.* at 690. The appellant must show that trial counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. In determining ineffective assistance of counsel, the appellant must identify acts or omissions by trial counsel that were not the results of reasonable professional judgment and were outside the range of professionally competent assistance. *Id.* at 690. Ultimately, the appellant must show a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different. *Id.* at 694. Reasonable probability is a probability sufficient to undermine the confidence in the outcome. *Id*. The standards announced in *Strickland* also apply to criminal cases in Texas. See *Hernandez v. State*, 726 S.W. 2d 53 (Tex.Crim.App. 1986).

In this case, if trial counsel failed to make a proper objection at trial regarding the admission of the audio recording as discussed in Appellant's third point of error, then trial counsel's performance was deficient and that deficiency resulted in prejudice to the Appellant. Failing to properly object to the audio recording cannot be considered the result of reasonable professional judgment. Given the content of the recording, there is a reasonable probability that the trial court's judgment was sufficiently affected by the recording as to sufficiently undermine the confidence in the outcome. It is reasonable to conclude that, but for the admission of the audio recording, Appellant's sentence would have been less.

## CONCLUSION

The trial court improperly limited Appellant's right to appeal to the punishment phase of the trial. The trial court also denied Appellant the ability to hire counsel of his choosing and forced him to proceed to trial with court appointed counsel. In addition, the trial court improperly admitted and considered a recording of a private conversation between the Appellant and another person that was intercepted and recorded by law enforcement using a cell phone. Finally, if trial

counsel failed to properly preserve that issue for appeal, the Appellant did not receive effective assistance of counsel.

## **PRAYER**

WHEREFORE, Appellant prays that his points of error be sustained and that the judgment of conviction be reversed.

Respectfully submitted,

/s/ Keith G. Allen
Keith G. Allen
Attorney for Appellant
Law Offices of Keith G. Allen, PLLC
2360 CR 94, Suite 106
Pearland, TX  77584
Telephone: 832-230-0075
Fax: 832-413-5896
Keith@KGAllenLaw.com
Bar No. 01043550

## **CERTIFICATE OF COMPLIANCE**

I hereby certify pursuant to TRAP 9.4(i) that the preceding document contains 5,455 words as determined by the word count of the computer program used to prepare this document.

/s/ Keith G. Allen
Keith G. Allen

## **CERTIFICATE OF SERVICE**

This is to certify that on July 9, 2015 a true and correct copy of the above

and foregoing document was served on Jeri Yenne, Brazoria County District Attorney, 111 E. Locust #408A, Angleton, Texas 77515 pursuant to TRAP 9.5.

/s/ Keith G. Allen
Keith G. Allen